**Faye BRANDON, Plaintiff–Appellant,**

**v.**

**INTERFIRST CORPORATION, and John Hancock Mutual Life Insurance Company, Defendants–Appellees.**

**No. 88–1305**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1988.

Stephen R. Marsh, Wichita Falls, Tex., for plaintiff-appellant.

Stephen Briley, Wichita Falls, Tex., for defendants-appellees.

Mikal S. Lambert, Wichita Falls, Tex., for John Hancock.

Before CLARK, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Faye Brandon appeals from the judgment dismissing her claim against John Hancock Mutual Life Insurance Co. ("Hancock"), as administrator of the benefit plan of Brandon's former employer, for the plan's refusal to cover her medical expenses. Brandon contends on appeal that the district court erroneously rejected her argument that Hancock was judicially estopped from raising ERISA preemption as a defense because, Brandon contends, the defense was inconsistent with Hancock's earlier positions. We affirm the district court.

## I

In 1983 and 1984, Brandon incurred medical expenses for which she made a claim to an employee benefit plan sponsored by her former employer, Interfirst Corporation. Interfirst and Hancock had a contract under which Hancock administered (but did not insure) the plan. The employee benefit plan denied Brandon's claim on the grounds that her treatments were not medically necessary for the care and treatment of an illness.

In 1986 Brandon sued Interfirst Corporation and Hancock in Texas state court. She claimed that before she obtained the medical treatments the defendants had represented to her that her medical expenses would be covered under the employee benefit plan. Brandon alleged numerous causes of action based on promissory estoppel, fraud and various Texas statutes regarding deceptive trade practices and insurance. A year later, she amended her original complaint to include causes of action based on breach by fiduciaries of a duty of good faith and fair dealing and violations of Texas insurance regulations.

After Brandon amended her complaint, the defendants jointly petitioned for removal of the action to federal district court. In their petition, the defendants stated that Brandon's claim that they were fiduciaries who had breached their duty of good faith and fair dealing was a claim arising under the laws of the United States, specifically the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). It does not appear that Brandon ever moved to remand the case to state court.

After the case had proceeded in federal court, Interfirst was voluntarily dismissed. In the meantime, Hancock moved for dismissal, or, in the alternative, summary judgment, on the grounds that all of Brandon's state law claims were preempted by ERISA and that Hancock was entitled to judgment as a matter of law on the ERISA claim. Brandon then moved for partial summary judgment, arguing that Hancock was barred by judicial estoppel from raising the ERISA preemption as a defense to the state law causes of action alleged in her first original complaint in the state court. Brandon based this argument on Hancock's statement in its Petition for Removal that the petition was being filed within thirty days of the time from which the case could be removed, i.e., the date of filing of Brandon's amended complaint. According to Brandon, since Hancock had stated in a sworn pleading that the case was only then removable, Hancock was estopped from later raising the ERISA preemption as a defense to the causes of action filed more than thirty days before the Petition for Removal.

The district court denied Brandon's motion without comment and granted Hancock's Motion for Summary Judgment, holding that ERISA preempted Brandon's state law claims and that Brandon had

failed to state a claim against Hancock under ERISA. The district court entered a judgment against Brandon dismissing the complaint.

## II

The sole issue on appeal is whether judicial estoppel should have barred Hancock from raising ERISA preemption as a defense to the state law causes of action alleged in Brandon's original complaint in state court. Brandon's argument on this issue is misguided, and we conclude that the district court properly denied her motion for partial summary judgment.

Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. Generally, the doctrine applies in cases where a party attempts to contradict his own sworn statements in the prior litigation. *USLIFE Corp. v. U.S. Life Ins. Co.*, 560 F.Supp. 1302, 1304–05 (N.D.Tex. 1983). The purpose of the doctrine is "to prevent parties from 'playing fast and loose' with (the courts) to suit the exigencies of self interest." *Id.* at 1305 (citing *Scarano v. Central Ry. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir.1953)). Although the law of the Fifth Circuit is scant on the subject of judicial estoppel, the doctrine is recognized and has been applied here. *USLIFE*, 560 F.Supp. at 1305 & n. 2 (citing cases); *see, e.g., Jett v. Zink*, 474 F.2d 149, 154–55, *reh'g denied*, 474 F.2d 1347, 1348 (5th Cir.), *cert. denied, sub nom. Sterling Oil of Oklahoma, Inc. v. Chamberlain*, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 104 (1973) (party who argued that action was *quasi in rem* was precluded from arguing at a later stage in the litigation that the action was *in personam*); *In re Double D Dredging Co.*, 467 F.2d 468, 469 (5th Cir. 1972) (party who argued that a ship had been in navigable waters was later estopped from arguing that the ship had not been in navigable waters).

Brandon argues that Hancock has maintained inconsistent positions in this case. Hancock represented in its petition for removal that it was filing that petition within thirty (30) days after receipt by Petitioners of Plaintiff's First Amended Original Petition from which it could be first ascertained that the case could be removed, in that, the First Amended Original Petition, for the first time, contains the allegation that Petitioners breached their fiduciary duty, a claim over which this Court has exclusive jurisdiction pursuant to [ERISA].

Brandon argues that these statements by which Hancock gained removal are inconsistent with Hancock's assertion of ERISA preemption as a defense to the state law claims filed more than thirty days before Hancock's petition for removal. Brandon's argument implicitly assumes that Hancock could have removed the case to federal court solely because of its claim that ERISA preempted the state law causes of action. Thus, Brandon argues, Hancock adopted in its petition for removal the position that ERISA preemption did not apply to the original state law causes of action; as a result, Hancock's later assertion of the defense against these claims should be estopped.

Hancock replies that it did not assert inconsistent positions. Hancock points out that ERISA preemption is equally applicable to state and federal courts. Hancock argues further that ERISA preemption has nothing to do with jurisdiction, so that its assertion of the defense is not inconsistent with its statements in support of removal.

It is clear to us that the facts of this case do not raise an issue of judicial estoppel. The doctrine is used to protect the integrity of the judicial process. *USLIFE* at 1304 (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982)). Given that rationale, Hancock's conduct here does not approach the level of culpability that would justify application of the doctrine. In fact, a close look at the parties' contrary claims regarding removability based on ERISA preemption reveals that Hancock's positions were not significantly inconsistent. On April 6, 1987, the Supreme Court decided that state law causes of action filed in state courts that are preempted by ERISA section 514, 29

U.S.C. § 1144, and that fall within ERISA section 502, 29 U.S.C. § 1132 (establishing an exclusive federal cause of action), are removable to federal court even though ERISA does not appear on the face of the complaint, since such cases are "necessarily federal in character by virtue of the manifest intent of Congress." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987). This holding encompasses Brandon's original complaint, but for most of the period between the filing of that original complaint on June 9, 1986, and the filing of Brandon's amended complaint on May 28, 1987, Hancock did not have the benefit of the Supreme Court's opinion on removability based on ERISA preemption. Prior to *Metropolitan Life*, the federal courts were split on the question. *Metropolitan Life*, 481 U.S. at ——, 107 S.Ct. at 1545 & n. 2. Fifth Circuit precedent at that time held that a defense of ERISA preemption was *not* a sufficient basis for original federal jurisdiction, and so could not support removal. *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760 (5th Cir.1983). Under *Powers*, Hancock could not have removed this suit to federal court. Recognition of this change in the case law reveals that Hancock's positions were not significantly inconsistent; Hancock's assertion that it lacked grounds for removal before Brandon filed the amended complaint did *not* imply that it was not asserting a defense of ERISA preemption.*

Since Hancock's assertion regarding removability cannot be taken to imply that it was not claiming ERISA preemption as a defense, its later assertion of the defense was not inconsistent. Judicial estoppel, therefore, is inapplicable, and the district

court properly denied Brandon's Motion for Partial Summary Judgment and properly granted summary judgment for Hancock. Accordingly, the judgment of the district court is

AFFIRMED.

---

* We note, however, that Hancock's Petition for Removal cites *Metropolitan Life*. At that time, Hancock should have known that the ERISA preemption, and not just Brandon's new allegation, supported removal. Furthermore, Hancock erroneously asserted in the petition that removal was justified because the federal court had *exclusive* jurisdiction over Brandon's new allegation of breach of fiduciary duty. In fact, since removal jurisdiction is a derivation of

state court jurisdiction, a suit over which federal courts have exclusive jurisdiction *cannot* be removed from state court to federal court. *Lambert Run Coal Co. v. Baltimore & Ohio Ry. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). This observation is irrelevant at this time, however, since the removal was not challenged and since subject matter jurisdiction existed in any event.