Don O'Neil WOODWARD, Jr., Plaintiff,

v.

EMPLOYERS CASUALTY COMPANY, Defendant.

Civ. A. No. G–91–438.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 24, 1992.

Brian L. Jensen, Houston, Tex., for plaintiff.

Michael Phillips, David B. Edwards, Phillips & Akers, Houston, Tex., John R. Gilbert, Deborah A. Williams, Gilbert, Gilbert & Boyd, Angleton, Tex., for defendant.

## ORDER

KENT, District Judge.

On this date came on to be heard Plaintiff's Motion to Remand and Motion for Sanctions (Instrument # 6), together with the Defendant's Response (Instrument # 8). The Plaintiff was injured in an automobile accident on September 22, 1989. The party responsible for the accident was an underinsured motorist, so the Plaintiff sought to recover his damages through the underinsurance terms of the insurance policy his employer had with Defendant Employers Casualty Company (ECC).

### MOTION TO REMAND

The Plaintiff filed his Original Petition in state court on November 29, 1990, seeking to recover his damages directly from ECC. The Defendant was served with that Petition on January 31, 1991. The Defendant did not file its Notice of Removal until December 5, 1991, more than 10 months after it was first served with the Plaintiff's Original Petition. The Defendant claims that it received a *letter* from the Plaintiff that stated the Plaintiff's intention to bring a bad faith claim against ECC on November 5, 1991. It was this *letter*, the Defendant claims, that first gave it notice that the Plaintiff's claims were within the exclusive jurisdiction of the federal courts under the Employee Retirement Income Security Act (ERISA), thereby bringing this case within the general removal statute, 28 U.S.C. § 1441.

### A. *Can a Letter Between Counsel Serve as the Basis for Removal?*

■ 28 U.S.C. § 1446(b) provides:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based.... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

Although it is not crucial to the outcome of the issues presented by Plaintiff's Motion to Remand, the Court expressly acknowledges that the Defendant based its removal on a *letter*. Generally, when deciding whether removal is proper or not, the Court is limited to a review of the Plaintiff's most recent state court pleadings. *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir.1990). It is clear from the papers filed with the Defendant's Notice of Removal that the Plaintiff never filed a formal pleading in state court that contained a bad faith claim against ECC. Although 28 U.S.C. § 1446(b) provides that removal may be based on "an amended pleading ... *or other paper*", the Court is unaware of any Fifth Circuit or Supreme Court authority supporting the proposition that removal can be based on the contents of a letter between counsel.

One district court has ruled that the contents of a letter between counsel can provide the basis for removal, *Central Iowa Agri–Systems v. Old Heritage Adv.*, 727 F.Supp. 1304, 1305 (S.D.Iowa 1989). Even so, the letter in that case was held to have provided notice of the jurisdictional amount of a claim that was formally filed in state court, whereas the letter in the instant case is the *only* document ECC relied on in its Notice of Removal. The Court is simply unconvinced that a letter from one attorney to another that implies, suggests or even threatens future action, without more, can provide the basis for removing an action from state court. Moreover, a careful analysis of the state court pleadings severely undercuts the alleged implication of the letter as stating a new basis for remov-

al, and convinces the Court that remand is proper.

B. *Because This Case Could Have Been Removed from the Outset, ECC's Removal Was Untimely.*

■ Probably the most convincing argument that remand is appropriate is the fact that the Defendant chose to remove this case more than 10 months after being served with the Original Complaint. A defendant has only 30 days from the date it is served with the original state court pleading to remove a case. 28 U.S.C. § 1446(b). Only "[i]f the case stated by the initial pleading is not removable", can a tardy Defendant rely on a later pleading upon which to base his removal. *Id.* The Plaintiff's Original Petition, filed on November 29, 1990, seeks to recover benefits under the insurance policy issued by ECC. The Court specifically notes that it has been ECC's opinion that the Plaintiff's *original* claims to recover under the insurance policy were preempted by ERISA since at least May 14, 1991, when ECC filed a Motion for Summary Judgment in state court. To have taken this position in May, 1991, and then to claim that the November letter uniquely establishes an ERISA basis for removal is disingenuous at best. Clearly, if the insurance policy constituted an employee benefit plan under ERISA,[1] ECC could have removed this case at the outset, even though ERISA did not appear on the face of the Original Petition. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268–69 (5th Cir.1988).

When a beneficiary seeks "to recover benefits due to him under the terms of his plan" pursuant to the ERISA civil enforcement section, 29 U.S.C. § 1132(a)(1)(B), state and federal courts have concurrent jurisdiction. 29 U.S.C. § 1132(e)(1). Where Congress has not expressly stated otherwise, removal is permitted where state and federal courts have concurrent jurisdiction. 28 U.S.C. § 1441; *Chilton v. Savannah Foods & Industries, Inc.*, 814 F.2d 620, 623 (11th Cir.1987) ("we cannot say that Congress in granting concurrent jurisdiction intended to foreclose removal of ERISA actions."); *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 n. 2 (9th Cir.1984) ("Congress simply increased the number of forums to which a claimant might have access [in ERISA actions].... Either party of course retains the right of access to a federal forum in actions ERISA governs, ... plaintiff by filing there, 29 U.S.C. § 1132(e)(1), and defendant by removing, 28 U.S.C. § 1441."). Provided that ECC is correct in stating that the insurance policy in question falls within ERISA, then the Plaintiff's Original Petition, when properly reformulated under ERISA, seeks "to recover benefits due to him under the terms of his plan" pursuant to 29 U.S.C. § 1132(a)(1)(B). Therefore, ECC should have removed this case within 30 days of being served with the Original Petition. Because the case stated by the Original Petition *was* removable, ECC cannot base removal on the Plaintiff's letter of November 5, 1991 threatening to add a bad faith claim, because 28 U.S.C. § 1446(b) provides that a defendant can base removal on a later pleading *only* "[i]f the case stated by the initial pleading is *not* removable."

C. *The Plaintiff's Bad Faith Claim, Even if Preempted by the ERISA Statute, Was Not Removable.*

■ The Court is also convinced that this case should be remanded because the claim implied or asserted in the November letter, upon which ECC centered its removal, is one that is *not* removable. As noted above, ECC based its removal on a threatened bad faith claim which it asserts is an ERISA claim within the *exclusive* jurisdiction of the federal courts.[2] 29 U.S.C.

---

1. Because the Court has decided to remand this case, it is intentionally avoiding a ruling on the issue of whether the insurance policy in question constitutes an employee benefit plan under ERISA.

2. ECC is correct that any ERISA claim not within 29 U.S.C. § 1132(a)(1)(B) is within the exclusive jurisdiction of the federal courts. 29 U.S.C. § 1132(e)(1).

§ 1144(a) provides that ERISA supersedes "any and all State laws...." For that reason, the Fifth Circuit has held that many state law claims are preempted by ERISA, and can provide no remedy for a plaintiff, as the exclusive remedy is provided by ERISA. The Fifth Circuit, in light of the Supreme Court's decision in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), has held that claims

> for improper handling of insurance claims are barred by ERISA's preemption provision. Indeed, [the Fifth Circuit has] specifically held that claims brought under article 21.21 of the Texas Insurance Code are preempted.... In short, when beneficiaries seek to recover benefits from a plan covered by ERISA, their exclusive remedy is provided by ERISA.

*Hansen v. Continental Ins. Co.*, 940 F.2d 971, 979 (5th Cir.1991) (citations omitted). *See also Pitts v. American Sec. Life*, 931 F.2d 351, 357–58 (5th Cir.1991); *Lee v. E.I. DuPont de Nemours and Co.*, 894 F.2d 755, 756–58 (5th Cir.1990). To be sure, the Fifth Circuit has held that ERISA does not provide a remedy for claims of improper handling of insurance claims, and that a plaintiff's state law claims remain preempted, even though the plaintiff may be left with no adequate remedy for such conduct. *Hansen*, 940 F.2d at 979. Provided that the insurance policy in question does fall within ERISA, and in light of the fact that ERISA does not provide a remedy for bad faith or improper handling of insurance claims, the Plaintiff in the instant case, by threatening to file a bad faith claim against ECC, did not assert a cognizable claim under the ERISA provisions. Because the Plaintiff has no remedy under ERISA for his bad faith claims, such a claim *cannot* be the basis for removal under the general removal statute, 28 U.S.C. § 1441.

> D. *Claims Within the Exclusive Jurisdiction of the Federal Courts are Not Removable.*

 Finally, it is evident that, even if ERISA *did* provide a remedy for improper handling of insurance claims, ECC could not have *removed* this case. Any claim not falling under 29 U.S.C. § 1132(a)(1)(B) is within the exclusive jurisdiction of the federal courts. 29 U.S.C. § 1132(e)(1). A claim of bad faith is not within the types of claims contemplated by 29 U.S.C. § 1132(a)(1)(B). "[S]ince removal jurisdiction is a derivation of state court jurisdiction, *a suit over which federal courts have exclusive jurisdiction cannot be removed from state court to federal court.*" *Brandon v. Interfirst Corp.*, 858 F.2d 266, 269 n.* (5th Cir.1988). *See also Chilton v. Savannah Foods & Industries, Inc.*, 814 F.2d 620, 623 (11th Cir.1987) ("if the state court has no jurisdiction over a case, the federal court acquires none upon removal, even if the federal court would have had jurisdiction if the suit had originally been brought there.")

## MOTION FOR SANCTIONS

The Plaintiff has also requested that this Court impose sanctions upon ECC for removing this case. Although the Court has determined that removal was improper, it is clear that ECC had a good faith belief that its removal was both timely and appropriate. For that reason, and because this case involves intricate procedural issues, the Court does not feel that sanctions against ECC are either necessary or appropriate.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Remand is HEREBY GRANTED. It is HEREBY ORDERED that this case be remanded to the 239th Judicial District Court, Brazoria County. Furthermore, the Plaintiff's Motion for Sanctions is HEREBY DENIED.

IT IS SO ORDERED.