**In the Matter of ROMAR INTERNATIONAL GEORGIA, INC., Debtor.**

**ROMAR INTERNATIONAL GEORGIA, INC., Ronald S. Penn and Christopher Cave–Bigley, Plaintiffs,**

**v.**

**SOUTHTRUST BANK OF ALABAMA, NATIONAL ASSOCIATION, Defendant.**

**Bankruptcy No. 95–30551.
Adversary No. 96–3006.**

United States Bankruptcy Court, M.D. Georgia, Athens Division.

July 12, 1996.

---

Jack B. Hood, Mobile, Alabama, for Plaintiffs.

Gary W. Farris, Atlanta, Georgia, for Defendant.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

SouthTrust Bank of Alabama, National Association, Defendant, filed on April 23, 1996, its Defendant's Motion to Strike Plaintiffs' Jury Demand. Romar International Georgia, Inc., Ronald S. Penn, and Christopher Cave–Bigley, Plaintiffs, filed their response on May 6, 1996.[1] A hearing on Defendant's

motion to strike was held on May 23, 1996. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

The relevant facts are not in dispute. Romar International Georgia, Inc., Debtor, Plaintiff, was in the business of processing and shipping chicken parts. Mr. Penn and Mr. Cave–Bigley are shareholders of Plaintiff. Defendant provided financing for Plaintiff. Mr. Penn and Mr. Cave–Bigley personally guaranteed the obligations of Plaintiff to Defendant.

Plaintiff had financial problems and filed on June 15, 1995, a petition under Chapter 11 of the Bankruptcy Code. Plaintiff has ceased operations and will not reorganize as a going concern. Plaintiff, however, continues as the debtor in possession. Defendant filed on October 10, 1995, a proof of claim in Plaintiff's bankruptcy case in the amount of $3,546,813.44. Mr. Penn and Mr. Cave–Bigley have not filed proofs of claim[2] or proofs of interest in Plaintiff's bankruptcy case.

Plaintiff filed on January 23, 1996, an adversary proceeding in this Court. Plaintiff filed an amended complaint on March 18, 1996.[3] Plaintiff's complaint is a lender liability action against Defendant. The complaint is brought solely under Georgia law and does not allege any violations of federal law.[4] Plaintiff seeks damages in the amount of $225,000,000.[5] Plaintiff demands a trial by jury. Defendant filed a timely response and asserted a counterclaim against Plaintiff.[6]

The issue before the Court is whether Plaintiff is entitled to a trial by jury in this adversary proceeding. Defendant argues that Plaintiff is not entitled to a trial by jury in its lender liability action. Defendant con-

---

1. The Court entered an order on July 12, 1996, which dismissed Mr. Penn and Mr. Cave–Bigley as plaintiffs in this adversary proceeding. The Court, therefore, will refer to Romar International Georgia, Inc. as "Plaintiff."

2. The bar date for filing a proof of claim was October 11, 1995.

3. The Court entered an order on March 26, 1996, granting Plaintiff's motion to amend its complaint.

4. Plaintiff's amended complaint states that Georgia's substantive law provides the rules of decision.

5. This amount includes the damages sought by Mr. Penn and Mr. Cave–Bigley, whom the Court has dismissed as plaintiffs in this adversary proceeding.

6. The Court entered an order on July 12, 1996, which dismissed Defendant's counterclaim as to Mr. Penn and Mr. Cave–Bigley.

cedes that Plaintiff's complaint asserts, "by and large," legal rather than equitable causes of action. Thus, except for the bankruptcy filing, Plaintiff would have the right to demand a jury trial.

"In any action commenced in a federal court, 'the right to a jury trial ... is to be determined as a matter of federal law.' *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963) (per curiam)." *Germain v. Connecticut National Bank,* 988 F.2d 1323, 1326 (2d Cir.1993).

In *Granfinanciera, S.A. v. Nordberg,*[7] the Supreme Court stated:

The question presented is whether a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. We hold that the Seventh Amendment entitles such a person to a trial by jury, notwithstanding Congress' designation of fraudulent conveyance actions as "core proceedings" in 28 U.S.C. § 157(b)(2)(H) (1982 ed., Supp. IV).

492 U.S. at 36, 109 S.Ct. at 2787.

The form of our analysis is familiar. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as [fact-finder].

492 U.S. at 42, 109 S.Ct. at 2790.

Respondent's fraudulent conveyance action plainly seeks relief traditionally provided by law courts or on the law side of courts having both legal and equitable dockets. Unless Congress may and has permissibly withdrawn jurisdiction over that action by courts of law and assigned it exclusively to non-Article III tribunals sitting without juries, the Seventh Amendment guarantees petitioners a jury trial upon request.

492 U.S. at 49, 109 S.Ct. at 2794.

We read *Schoenthal* [*v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932) ], and *Katchen* [*v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) ], as holding that, under the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate, not upon Congress' precise definition of the "bankruptcy estate" or upon whether Congress chanced to deny jury trials to creditors who have not filed claims and who are sued by a trustee to recover an alleged preference. Because petitioners here, like the petitioner in *Schoenthal,* have not filed claims against the estate, respondent's fraudulent conveyance action does not arise "as part of the process of allowance and disallowance of claims." Nor is that action integral to the restructuring of debtor-creditor relations. Congress therefore cannot divest petitioners of their Seventh Amendment right to a trial by jury. *Katchen* thus supports the result we reach today; it certainly does not compel its opposite.

492 U.S. at 58–59, 109 S.Ct. at 2799.

In *Katchen v. Landy, supra,* 382 U.S., at 335, 86 S.Ct., at 475, we adopted a rationale articulated in *Alexander v. Hillman,* 296 U.S. 222, 241–242, 56 S.Ct. 204, 210–211, 80 L.Ed. 192 (1935) (citations omitted):

" 'By presenting their claims respondents subjected themselves to all the consequences that attach to an appearance. . . .

.     .     .     .     .

" 'Respondents' contention means that, while invoking the court's jurisdiction to establish their right to participate in the distribution, they may deny its power to require them to account for what they misappropriated. In behalf of creditors

---

**7.** 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

and stockholders, the receivers reasonably may insist that, before taking aught, respondents may by the receivership court be required to make restitution. That requirement is in harmony with the rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief.' "

It warrants emphasis that this rationale differs from the notion of waiver on which the Court relied in *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). The Court ruled in *Schor*—where no Seventh Amendment claims were presented—that the Commodities Futures Trading Commission could adjudicate state-law counterclaims to a federal action by investors against their broker consistent with Article III. The Court reached this conclusion, however, not on the ground that the Commission had possession of a disputed *res*, to which the investors laid claim, but on the ground that Congress did not require investors to avail themselves of the remedial scheme over which the Commission presided. The investors could have pursued their claims, albeit less expeditiously, in federal court. By electing to use the speedier, alternative procedures Congress had created, the Court said, the investors waived their right to have the state-law counterclaims against them adjudicated by an Article III court. See *id.*, at 847–850, 106 S.Ct., at 3255–3257. Parallel reasoning is unavailable in the context of bankruptcy proceedings, because creditors lack an alternative forum to the bankruptcy court in which to pursue their claims. As *Katchen* makes clear, however, by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims, even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled

8. 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).

9. Plaintiff's reliance on *Arthur Pew Constr. Co. v. Lipscomb*, 965 F.2d 1559 (11th Cir.1992) is mis-

creditors to a jury trial had they not tendered claims against the estate.

492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14.

In *Langenkamp v. Culp*,[8] the Supreme Court stated:

In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S., at 58–59, and n. 14, 109 S.Ct., at 2798–2799, and n. 14 (citing *Katchen, supra*, 382 U.S., at 336, 86 S.Ct., at 476). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. *Granfinanciera, supra*, 492 U.S., at 57–58, 109 S.Ct., at 2798–2799. As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. 492 U.S., at 58–59, 109 S.Ct., at 2788.

Accordingly, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *Id.*, at 58, 109 S.Ct., at 2798–2799. Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the bankruptcy court. Consequently, they were not entitled to a jury trial on the trustee's preference action.

498 U.S. at 44–45, 111 S.Ct. at 331.

The Eleventh Circuit Court of Appeals has not spoken on the issue presented.[9] In

placed. In *Arthur Pew*, the Eleventh Circuit did not consider whether a debtor has a right to demand a jury trial.

reaching its decision, this Court has considered a number of decisions by other circuit courts of appeal on this and closely related issues.

*Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323 (2d Cir.1993) (chapter 7 trustee has right to jury trial on lender liability claims which arose postpetition even though bank filed proof of claim; resolution of trustee's action is not required in order to determine whether to allow bank's claim in the bankruptcy case). *Beard v. Braunstein,* 914 F.2d 434 (3d Cir.1990) (creditor does not lose right to jury trial by filing compulsory counterclaim against trustee; creditor had not filed a proof of claim); *Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242 (3d Cir.) *cert. denied,* —— U.S. ——, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994) (voluntary petition in bankruptcy does not automatically begin the process of allowance or disallowance of claims; chapter 11 debtors have no right to jury trial on their malpractice claims against their bankruptcy counsel which are asserted as a defense to counsel's claim for attorney's fees; debtor's malpractice claims have been converted from a legal claim into an equitable dispute over a share of the estate); *In re Jensen,* 946 F.2d 369 (5th Cir.1991) (chapter 11 debtor has right to jury trial on prepetition claim against non-creditor third party; debtor does not subject his prepetition claim to bankruptcy court's equitable jurisdiction by filing a petition in bankruptcy); *Longo v. McLaren (In re McLaren),* 3 F.3d 958 (6th Cir.1993) (debtor has no right to jury trial in defending dischargeability of debt action; debtor voluntarily submitted his case to bankruptcy court); *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496 (7th Cir.1991) (debtor has no right to jury trial in defending dischargeability of debt action; debtor voluntarily submitted his case to bankruptcy court); *Smith v. Dowden,* 47 F.3d 940 (8th Cir.1995) (creditor that timely withdraws proof of claim has right to jury trial in defending fraudulent transfer action); *Bayless v. Crabtree,* 930 F.2d 32 (Table), 1991 WL 50166 (10th Cir.1991) (although

third parties did not file proofs of claim, they injected their claims into the bankruptcy process by voluntarily filing permissive counterclaim and cross-claim asserting title to bankruptcy estate property; the third parties therefore waived right to jury trial).

The Court has also considered two decisions by the United States Bankruptcy Court for the Southern District of Georgia. *See Haile Co. v. R.J. Reynolds Tobacco Co. (In re Haile Company),* 132 B.R. 979 (Bankr. S.D.Ga.1991) (chapter 11 debtor waives right to jury trial by filing for bankruptcy relief and filing an adversary proceeding seeking affirmative relief in bankruptcy); *Crews v. Lyons (In re Lyons),* Chapter 7 Case No. 93–50179, Adv. No. 94–5015 (Bankr.S.D.Ga. September 29, 1994) (order denying demand for jury trial) (Walker, J.) [10] (debtor waived right to jury trial in adversary proceeding by filing petition in bankruptcy).

The Court is persuaded that Plaintiff does not have a right to a jury trial in this adversary proceeding. Plaintiff, through its lender liability action, seeks a substantial recovery from Defendant. Defendant has filed a proof of claim against Plaintiff's bankruptcy estate.

Section 502(d) of the Bankruptcy Code [11] provides, in part:

### § 502. Allowance of claims or interest

. . . .

(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of entity from which property is recoverable under section . . . 553 of this title . . . unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 553 of this title.

11 U.S.C.A. § 502(d) (West 1993).

Section 553 of the Bankruptcy Code [12] permits the offset of mutual prepetition debts and credits between a debtor and creditor. It is clear that Plaintiff and Defendant assert

---

**10.** Judge Walker is also a sitting judge for the United States Bankruptcy Court for the Middle District of Georgia.

**11.** 11 U.S.C.A. § 502(d) (West 1993).

**12.** 11 U.S.C.A. § 553 (West 1993 & Supp.1996).

substantial prepetition claims against each other.

"Under the Bankruptcy Code a court must disallow 'any claim of any entity from which property is recoverable' because of a [prepetition mutual offset]. 11 U.S.C. § 502(d). Thus, before a claim may be allowed, a court *must* resolve any [setoff] issues that the trustee might raise." *Germain v. Connecticut National Bank,* 988 F.2d at 1327.

The Court is persuaded that Plaintiff's lender liability action "arises as part of the process of allowance and disallowance of claims." *Granfinanciera,* 492 U.S. at 58, 109 S.Ct. at 2799. The Court is persuaded that, by filing this adversary proceeding, Plaintiff has subjected its lender liability action to this Court's equitable powers to allow, disallow, and offset mutual debts, even though Plaintiff's claims are legal in nature. *See Granfinanciera,* 492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14.

Finally, Plaintiff argues, "[w]ithout question, the personal injury claims of the plaintiffs Penn and Bigley are preserved for jury trial. 28 U.S.C. Section 157(5); 28 U.S.C. Section 1411." *Plaintiffs' Brief,* p. 3 (filed May 6, 1996).

The Court, in a separate memorandum opinion, has determined that it does not have jurisdiction to hear the claims asserted by Mr. Penn and Mr. Cave–Bigley. The Court entered an order on July 12, 1996, dismissing Mr. Penn and Mr. Cave–Bigley as plaintiffs in this adversary proceeding. The Court, therefore, need not address the merits of this argument.

An order in accordance with this memorandum opinion will be entered this date.

SO ORDERED.