In re GUNSMITH'S, INC., Debtor.

Timothy P. Smith–Lyon and Jan P. Smith–Lyon, Plaintiffs,

v.

Trustmark National Bank, Defendant Third–Party Plaintiff,

v.

The Small Business Administration, Third–Party Defendant.

Bankruptcy No. 96–01130JEE.
Civil Action No. 3:99–cv–501.

United States District Court, S.D. Mississippi, Jackson Division.

March 29, 2000.

Barry S. Zirulnik, Kiley Catledge Kirk, Price & Zirulnik, Jackson, MS, for Gunsmith's Inc., Timothy P. Smith-Lyon, Jan P. Smith-Lyon.

William H. Leech, Beth L. Orlansky, McGlinchey Stafford, Jackson, MS, for Trustmark National Bank.

David N. Usry, U.S. Attorney's Office, Jackson, MS, William B. Thompson, Jr., U.S. Small Business Administration, Jackson, MS, for Small Business Administration.

Frank Youngblood, Jackson, MS, trustee, pro se.

Derek A. Henderson,, Derek A. Henderson, Attorney, Jackson, MS, trustee.

Ronald McAlpin, Office of U.S. Trustee, Jackson, MS, U.S. Trustee, pro se.

### ORDER

WINGATE, District Judge.

Before the court is the motion of the plaintiffs to withdraw reference of this case from the United States Bankruptcy Court and to be permitted to proceed in the United States District Court for the Southern District of Mississippi. The plaintiffs claim that they are seeking to withdraw reference of this case in order to preserve a right to a jury trial in a noncore proceeding. Plaintiffs contend that they filed a lawsuit in state court against the above-named defendants based in common law, governed by the law of the State of Mississippi, and subject to a demand for a jury trial. Plaintiffs' lawsuit then was removed by the defendants to this court and subsequently referred to the bankruptcy court. Plaintiffs assert that proceeding in bankruptcy court will deprive them of their right to a jury trial. For the reasons which follow, this court finds that the plaintiffs are not entitled to prosecute their claims against the defendants outside the context of the bankruptcy court, and the plaintiffs' motion to withdraw reference must be denied.

### PERTINENT FACTS

Plaintiffs were corporate officers of Gunsmith's, Inc. and personal guarantors of its debts. Plaintiffs contend that their primary creditor, the defendant Trustmark Bank, promised but failed to extend the plaintiffs and Gunsmith's, Inc. a $150,000.00 line of credit. Consequently, say plaintiffs, they became insolvent and were forced to file for bankruptcy protection in March of 1996. The plaintiffs' individual petition was filed pursuant to Chapter 7, while Gunsmith's corporate petition sought to reorganize its debts under Chapter 11. The plaintiffs filed their schedules, disclosure statements and plans without disclosing to the bankruptcy court or to any creditors that they had any grievance with or potential cause of action against Trustmark Bank. Trustmark Bank filed its proofs of claim in both bankruptcy proceedings. Subsequently, in April of 1996, Gunsmith's petition in bankruptcy was converted to a Chapter 7 case and the business was liquidated. The bankruptcy proceeding eventually was closed with no distribution. At no time during the progress of the bankruptcy proceeding did the plaintiffs give any indication that they intended to call Trustmark Bank to account for the plaintiffs' business failure.

On April 24, 1997, only a short time after the plaintiffs' bankruptcy proceedings were dismissed, they filed a complaint against Trustmark Bank in the Circuit Court for the First Judicial District of

Hinds County, Mississippi, asserting breach of the duty of fair dealing; misrepresentation; bad faith; and breach of a fiduciary duty relating to Trustmark Bank's failure to extend the aforesaid line of credit. All of the actions complained of by the plaintiffs were initiated by Trustmark Bank prior to the plaintiffs' filing for bankruptcy protection. Then, the plaintiffs' Trustee in bankruptcy learned of the complaint and immediately sought to have the plaintiffs' bankruptcy case reopened. The Trustee argued that the plaintiffs' lawsuit, if successful, could result in substantial funds for the benefit of the plaintiffs' creditors. The bankruptcy court agreed and the plaintiffs' bankruptcy case was reopened.

On June 19, 1998, Trustmark removed the state court lawsuit to this federal forum by joining the Small Business Administration ("SBA") as a third-party defendant. In response to Trustmark's joinder of the SBA, plaintiffs filed with this court their motion to remand, maintaining that this court lacked jurisdiction to hear this matter. Trustmark opposed the plaintiffs' motion to remand and asked this court to refer this lawsuit to the United States Bankruptcy Court for the Southern District of Mississippi. The Trustee did not object. This court agreed with Trustmark Bank, denied the plaintiffs' motion to remand and granted Trustmark Bank's motion to refer.

Now, the matter is before this court again on the motion of the plaintiffs to withdraw this court's prior reference, claiming that failure to do so will deprive the plaintiffs of their right to a jury trial.

### APPLICABLE LAW

■ In any action commenced in a federal court, "the right to a jury trial ... is to be determined as a matter of federal law." *Simler v. Conner*, 372 U.S. 221, 222,

83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963) (per curiam); *Germain v. Connecticut National Bank*, 988 F.2d 1323, 1326 (2d Cir. 1993); *Romar International Georgia, Inc. v. Southtrust Bank of Alabama, National Association*, 198 B.R. 407, 408–09 (Bankr. M.D.Ga.1996). The question in the instant case is whether the plaintiffs are now entitled to a jury trial. This question turns on whether their state court lawsuit is a core or non-core proceeding. Of course, Trustmark Bank, having filed proofs of claim in the plaintiffs' bankruptcy proceeding, may not now insist upon a jury trial. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2798–99, 106 L.Ed.2d 26 (1989); and *Katchen v. Landy*, 382 U.S. 323, 335, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966). However, in the instant case it is the debtor, not the creditor, seeking a jury trial, and this court now must determine what, if any, effect the plaintiff's failure to disclose their lawsuit has on their jury demand.

■ First, contrary to the plaintiffs' assertion that their state court lawsuit is a non-core proceeding, counterclaims against parties filing claims against a bankruptcy estate are core proceedings. *See In re Baudoin*, 981 F.2d 736, 741 (5th Cir.1993). Under Title 28 U.S.C. § 157(b)(1), bankruptcy judges have the sole power to hear "all core proceedings arising under title 11 or arising in a case under title 11." *See Allen v. City Finance Company*, 224 B.R. 347, 352 (S.D.Miss.1998), citing *In re Wood*, 825 F.2d 90, 95 (5th Cir.1987). Three events must occur before a matter can be deemed a core proceeding under § 157(b)(2)(C). First, a person should be in bankruptcy. Second, a person or entity such as a creditor must file a claim against the estate. Third, in response to this proof of claim, the estate must file a claim against the person who filed the original proof of claim. *See Baudoin*, 981 F.2d, at

742, where the debtor filed for bankruptcy, then bank filed proof of claim against debtor, and then debtor filed lender liability lawsuit suit against bank. All three of these events have occurred in the instant case. The plaintiffs' lawsuit is logically connected to Trustmark Bank's proofs of claim filed in the bankruptcy court, and the contracts providing the foundation of Trustmark Bank's proofs of claim in bankruptcy are the same contracts on which the plaintiffs must base their claims against Trustmark. Had the plaintiffs filed their lawsuit while their bankruptcy case was proceeding, their complaint would have constituted counterclaims to Trustmark Bank's proofs of claim in bankruptcy. Thus, the plaintiffs' lawsuit clearly would have been a core proceeding pursuant to the teaching of the *Baudoin* case (holding that a lender liability suit brought in response to a proof of claim is a core proceeding).

■ Secondly, the only difference between *Baudoin* and the instant case is that the plaintiffs failed to disclose their lawsuit against Trustmark to the bankruptcy court, notwithstanding their legal obligation to do so, and sought to bring their lawsuit only after the bankruptcy case had been closed. A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3rd Cir.), *cert. denied*, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988)., citing *In re Hannan*, 127 F.2d 894 (7th Cir.1942). Section 521 of the Bankruptcy Code outlines a non-exhaustive list of the debtor's duties in a bankruptcy case. This statute requires a debtor to, "file a ... schedule of assets and liabilities ... and a statement of the debtor's financial affairs...." Title 11 U.S.C. § 521(1). Additionally, Title 11 U.S.C. § 1125(b) requires filing of a disclosure statement containing "adequate information." Section 1125(a) defines adequate information as, "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor ... that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan ...." While the plaintiffs in the instant case filed the required disclosures, they failed to mention their intention to file a lawsuit against Trustmark Bank.

■ A debtor in bankruptcy must disclose any litigation likely to arise in a non-bankruptcy context, and failure to do so will trigger application of the doctrine of equitable estoppel. This doctrine operates against a subsequent attempt to prosecute the litigation in any non-bankruptcy context. *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d, at 417–18. *See also Southmark Properties v. Charles House Corporation*, 742 F.2d 862, 871 (5th Cir.1984), holding that debtor's state court action against a mortgagee for violation of a construction contract brought after close of bankruptcy proceeding to challenge purchase of land at a bankruptcy reorganization sale was barred by the doctrine of *res judicata*.

■ In the instant case, all the facts asserted by the plaintiffs in their complaint were known to them at the time they filed for bankruptcy protection. The assertions in the complaint give no hint that any new facts were acquired post-filing. The assertions all relate to the failure of Trustmark Bank to grant a line of credit to the plaintiffs. The plaintiffs assert that this failure of Trustmark Bank precipitated the plaintiffs' bankruptcy. Thus, the plaintiffs were armed with suffi-

cient facts to bring their claims against Trustmark Bank in response to Trustmark's proofs of claim. That the plaintiffs discovered the purported legal bases for their lawsuit post-filing does not matter. The facts underlying their cause of action were known to them long before their bankruptcy case was closed, as their complaint clearly shows. *See Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d, at 417–18. This court is persuaded that the doctrine of equitable estoppel applies to bar disposition of the plaintiff's lawsuit outside the context of bankruptcy. The lawsuit was nothing more than a non-disclosed asset of the bankruptcy estate.

 Another concept applicable to the instant case in addition to the doctrine of equitable estoppel is judicial estoppel, an ancient doctrine "by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position". *In re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir.1999), citing *Brandon v. Interfirst Corporation,* 858 F.2d 266, 268 (5th Cir.1988). The purpose of the doctrine is "to protect the integrity of the judicial process", by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.*

Clearly, by their silence, the plaintiffs assumed the position that they had no claim against Trustmark Bank and successfully convinced the bankruptcy court of this position, only to proceed with their state court lawsuit soon after the bankruptcy case was closed. By proceeding in this fashion, the plaintiffs hoped to be the sole beneficiaries of any judgment against Trustmark Bank, to the exclusion of their creditors. The doctrine of judicial estoppel properly is applied where a party with a motive to do so has been successful in persuading a court to accept its initially assumed legal position. *United States of America for the Use of American Bank, et al. v. C.I.T. Construction Incorporated of Texas,* 944 F.2d 253, 259 (5th Cir.1991).

## *CONCLUSION*

Therefore, in light of the foregoing authority, the court finds that the plaintiffs' lawsuit constitutes a core proceeding which must be adjudicated by the bankruptcy court. Consequently, the matter is not a non-core proceeding where the plaintiffs would be permitted to seek trial by jury. Additionally, having withheld the fact of their intention to sue Trustmark Bank from the bankruptcy court, the plaintiffs now are estopped from proceeding with their claims outside the context of bankruptcy. The plaintiffs' motion to withdraw reference and for other relief [item # 1 –1&2] is hereby denied.