**Bridgett Renee SCOTT, et al. Plaintiffs**

v.

**Dr. Rahul VORHA, M.D., et al. Defendants**

**No. CIV.A. 3:03–CV–806WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 29, 2005.

Edward Blackmon, Jr, Blackmon & Blackmon Law Firm, PLLC, Canton, MS, Kelsey L. Rushing, Smith, Rushing, Cotton & Robinson, PLLC, Jackson, MS, for Bridgett Renee Scott, Keith Scott, Plaintiffs.

Jimmy Fred Spencer, Jr., Watkins & Eager, Jackson, MS, James A. Becker, Jr., Watkins & Eager, Jackson, MS, for Rahul Vohra M.D., Southern Physical Medicine

and Rehabilitation Associates, PLLC, John Does, Defendants.

## ORDER GRANTING SUMMARY JUDGMENT

WINGATE, Chief Judge.

Before this court is defendants' motion for summary judgment [docket # 11] filed pursuant to Rule 56(b) and (c), Federal Rules of Civil Procedure.[1] The plaintiffs, husband and wife, herein are Keith Scott and Bridgett Renee Scott. Plaintiffs allege that defendants committed medical malpractice in their medical treatment of Bridgett Renee Scott. Defendants' motion for summary judgment campaigns for dismissal of this litigation on the ground of judicial estoppel. According to defendants' motion, plaintiffs' lawsuit *sub judice* should be dismissed because after initiating this litigation, seeking enrichment, plaintiff Bridgett Renee Scott filed for bankruptcy and deliberately failed to list, as required, this lawsuit as an assert of her estate. This attempted deception, say defendants, is specifically condemned by ample jurisprudence which empowers this court to dismiss this litigation in its entirety. Although plaintiffs oppose the motion, this court grants summary judgment to defendants for the reasons which follow.

### Jurisdiction

This court has subject matter jurisdiction over this dispute by the authority of Title 28 U.S.C. § 1332,[2] diversity of citizenship.

### Fact and Procedural Posture

On June 28, 2002, plaintiffs Bridgett Renee Scott ("Mrs.Scott") and Keith Scott ("Mr.Scott") filed this action against the defendants in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Their complaint alleges that the defendants' medical malpractice had caused injuries and damages to Mrs. Scott relative to medical treatment that began December 21, 1998. Mr. Scott asserts the dependent claim of loss of consortium. Seeking a huge sum of money, the Scotts contend that they are due compensatory damages in the amount of $5,000,000.00 and $5,000,000.00 for punitive damages.

After the case was filed, Mrs. Scott filed a Chapter 7 petition for bankruptcy, along with her schedule of costs on November 21, 2002, in the United States Bankruptcy Court for the Southern District of Mississippi, styled Cause No. 02–06757 JEE. In her schedules, Mrs. Scott failed to list as an asset of her bankruptcy estate, the aforementioned pending claim; instead,

---

1. Rule 56(b) and (c), Federal Rules of Civil Procedure, provide:

   (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

   (c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

2. Title 28 U.S.C. § 1332(a) provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."

she asserted that she had no assets for distribution to her creditors.

She received her discharge from Bankruptcy Court on March 20, 2003. This case was still pending.

On June 13, 2003, the defendants removed this lawsuit from state court to this federal forum. This court, in an order dated March 29, 2004, denied remand of this action to state court, finding: "the plaintiffs' request for mandatory abstention should be denied because the plaintiff, Bridgett Renee Scott, did not list or schedule this lawsuit as an asset of her bankruptcy estate."

### Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir.1996) (quoting Fed.R.Civ.P. 56(c)). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); rather, "it is the province of the jury to access the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). "Summary judgment can be granted only if everything in the record demonstrates that no genuine issues of material facts exist." *Id.* Summary judgment is improper where the court merely believes it is unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962). Facts that are irrelevant or unnecessary to a decision are "non-material" and do not prevent summary judgment. *Anderson*, 477 U.S. at 242, 106 S.Ct. 2505; *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265 (5th Cir.1987).

Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1297 (5th Cir.1993).

When the moving party has challenged the non-movant's case under Rule 56(c), the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In response to a motion for summary judgment, the non-moving party is required to respond with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted. *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir.1988). The court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir.1982).

### Law and Analysis
#### Judicial Estoppel

In the case *sub judice*, defendants claim Mrs. Scott intentionally failed to report this lawsuit on her list of assets to the bankruptcy court. Resultedly, say defendants, the doctrine of judicial estoppel pre-

vents plaintiffs from pursuing this action. Although Mrs. Scott filed the deceptive papers, Mr. Scott is similarly barred, say defendants, because his claim, loss of consortium, is dependent upon the medical malpractice claim of his wife's.

The case of *In re Walker*, 323 B.R. 188 (Bankr.S.D.Tex.2005), provides a clear definition of judicial estoppel and its purpose:

Generally, "judicial estoppel is invoked where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334–35 (5th Cir.2004) (quoting *Scarano v. Cent. R.R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)). Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir.1988). "The purpose of the doctrine is to protect the integrity of the judicial process, by prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (internal quotations omitted). Importantly, because judicial estoppel is designed to protect the judicial system, rather than the litigants, detrimental reliance by the party opponent is not required. *Id.* (citing *Matter of Cassidy*, 892 F.2d 637, 641 & n. 2 (7th Cir.1990)).

*In re Walker*, 323 B.R. at 195.

■ The Fifth Circuit has crafted a three-pronged test used to identify "intentional self-contraction" in the context of disclosure of bankruptcy assets.

A debtor or her successor-in-interest is precluded by judicial estoppel from bringing a suit against a defendant if: (1) the party asserting the claim is taking a position clearly inconsistent with a position taken in a previous proceeding; (2) the court accepted the previous position; and (3) the non-disclosure was not inadvertent. *See Superior Crewboats*, 374 F.3d at 335. With respect to the "inadvertence" prong in bankruptcy cases, the Debtor's express, affirmative duty to disclose all assets, including contingent and unliquidated claims and/or causes of action, is a continuing one and cannot be overemphasized. *See Coastal Plains*, 179 F.3d at 207–08.

*In re Walker*, 323 B.R. at 195.

■ The facts *sub judice* satisfy all three factors. The first factor relates to the failure of plaintiff to disclose the existence of the instant cause of action to the bankruptcy court. She does not dispute her omission. The second factor asks whether the bankruptcy court accepted plaintiff's disclosures as complete and granted her a discharge from all debts. This happened.

The third element is whether the non-disclosure was inadvertent. "[T]he debtor's failure to satisfy [her] statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Coastal Plains*, 179 F.3d at 210.

Plaintiff submits she had no such motive. Pouncing upon would-be friendly language in *In re Wakefield*, 312 B.R. 333 (Bankr.N.D.Tex.2004), plaintiff champions the following discussion:

Lack of motive is one way of defeating judicial estoppel by establishing an inadvertent failure to satisfy a statutory disclosure duty in a bankruptcy case ... [A] party either must lack knowledge of the undisclosed claim or must have no motive to conceal it. Motive and subjective intent are closely-related concepts and are often intertwined in the law ... So the court must evaluate Wakefield's

motive subjectively, as well as objectively.

*In re Wakefield,* 312 B.R. at 340.

In *Wakefield,* however, the court determined that the defendant had no motive because he had no reason to believe had any asset that could be used pay creditors. *Id.* This is shown by the following excerpt:

> Wakefield knew that neither his attorney nor the trustee advised him to file an amended schedule to list the claim. Wakefield knew his attorney had concluded that the claim was not property of the bankruptcy estate. The trial court initially observed that Wakefield may not have filed an amended schedule to list the claim to avoid litigation over whether the claim was property of the estate. On the other hand, the trial court held that the claim was not property of the bankruptcy estate. This court agrees with that conclusion. Indeed, as held above, this court has concluded that Wakefield had no obligation to file an amended schedule to list the claim. Wakefield had been informed by his attorney that the claim belonged to Wakefield, not to the bankruptcy estate. The trustee never asserted to the contrary; but, instead, filed a "no asset" report with the court. Under these circumstances, Wakefield had no reason to believe that he was concealing any asset that could be used by the trustee to pay his pre-petition creditors.

*Id.* at 341.

The facts here are different. This court is satisfied that this cause of action would be property of plaintiff's bankruptcy estate. Further, plaintiff clearly had a motive to conceal this lawsuit from the Bankruptcy Court. Plaintiff would collect a monetary judgment here free and clear of any encumbrances asserted by any unsatisfied preexisting creditors, all the while escaping the financial grasp of creditors through bankruptcy discharge.

This court is persuaded that defendants' motion has merit. The defendants have correctly invoked the defense of judicial estoppel against Mrs. Scott's claims and her husband's dependent, consortium claim. Since summary judgment is appropriate, this court hereby grants it to defendants.

*Attorney Fees*

■ The defendants claim they are entitled to attorney's fees under rule 11, Federal Rules of Civil Procedure. "For purposes of Rule 11, a claim is frivolous 'only when, objectively speaking, the pleader or movant has no hope of success.' " *Stevens v. Lake,* 615 So.2d 1177, 1184 (Miss.1993) (quoting *Tricon Metals & Serv's, Inc. v. Topp,* 537 So.2d 1331, 1335 (Miss.1989)); *Smith v. Malouf,* 597 So.2d 1299, 1303 (Miss.1992) (applying Rule 11 definition to Litigation Accountability Act context)." *Wilson v. Greyhound Bus Lines,* 830 So.2d 1151 (Miss.2002).

■ Although plaintiffs oppose the request, "[b]ecause this claim was not, and is not being pursued in the manner of bad faith," (Plaintiffs' Response to Motion for Summary Judgment), this court is persuaded to award such. Accordingly, the defendants are directed to submit their detailed request—hours expended and fees charged per hour. Said submission is due in fifteen (15) days from the date of this order. Plaintiffs shall have ten (10) days thereafter to contest the request.

### Conclusion

This court finds there is no question of material fact regarding the issues of judicial estoppel and attorney fees. Defendants have shown that their reliance upon the defense of judicial estoppel has merit. Therefore, this court grants summary judgment to defendants and is permitting defendants to submit their request for at-

torney fees. All other pending motions are, hereby, rendered moot.