930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Bobbie G. BAYLESS, Trustee on Behalf of the Bankruptcy
Estates of Freeman Dale CRABTREE, Linda Catherine Crabtree,
The Orchard Company, Catherine Dianne Crabtree Trust and
David Lynn Crabtree Trust, Plaintiffs-Appellees.
v.
Catherine Dianne CRABTREE, a minor, through Catherine Adams,
guardian of her estate, and David Lynn Crabtree,
Defendants-Appellants,
Myers D. Campbell, Patricia M. Campbell, Jerry Tubb and
Theta Juan Bernhardt, Intervenors.
 No. 90-6002.
 United States Court of Appeals, Tenth Circuit.
 April 2, 1991.
 
 Before JOHN P. MOORE, EBEL, Circuit Judges, and BROWN, District Judge*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Catherine and David Crabtree appeal a ruling by the United States Bankruptcy Court for the Western District of Oklahoma, affirmed by the United States District Court, ordering the turnover of certain property to a bankruptcy estate. On appeal, they assert (1) the Bankruptcy Court has no jurisdiction in this case; (2) they are entitled to a jury trial; (3) they were denied due process of law; (4) they received the disputed property as gifts; (5) the disputed property should not have been turned over to the trustee, and (6) the Bankruptcy Court should not have taken notice of a related state court proceeding. We affirm on all grounds.
 
 I. Background
 
 2
 The underlying issue in this case is a property dispute. On one side are the bankruptcy trustee, Bobbie Bayless, and intervening creditors, the Campbell Group, and on the other are Catherine and David Crabtree. The debtors, who are not parties to this appeal, are F. Dale Crabtree, his wife Linda, their two children's (Catherine's and David's) trusts, and the Orchard Company, a partnership owned by the trusts.
 
 
 3
 The dispute arose when the Campbell Group filed a creditors' action in state court to execute upon approximately one million dollars worth of valuable antiques, paintings and other personalty belonging, in their view, to The Orchard Company. Subsequently, the debtors filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. In July 1988, the Chapter 11 trustee initiated an adversary proceeding in bankruptcy court against the debtors and the Crabtree children.
 
 
 4
 The trustee requested turnover of certain personalty located in Oklahoma City and Rhode Island which she claimed belonged to the debtors' estates. The trustee asserted the Crabtrees were removing and concealing this property contrary to the interest of the Chapter 11 estate. The Crabtree children counterclaimed against the trustee and crossclaimed against the Campbell Group, asserting ownership of the disputed property. Rejecting the children's request for a jury trial, the Bankruptcy Court entered a permanent injunction requiring turnover of the property to the trustee. The decision was based on findings that The Orchard Company owned the Rhode Island property, and F. Dale and Linda Crabtree owned the Oklahoma City property. The District Court affirmed the Bankruptcy Court's decision.
 
 II. Jurisdiction and Right to Jury Trial
 
 5
 The Crabtree children have consented to the bankruptcy court's jurisdiction by filing counter and cross-claims.[1] In Katchen v. Landy, the Supreme Court stated that once a party presents a claim to the bankruptcy court, it submits to that court's jurisdiction. 382 U.S. 323, 335 (1966); see also Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 2799 n. 14 (1989). Although the Crabtree children did not file a proof of claim, they nonetheless injected their property claims into the bankruptcy proceedings by voluntarily filing counter and cross-claims asserting title.[2] See Matter of Baldwin-United Corp. v. Thompson, 48 B.R. 49, 54 (Bankr.S.D.Ohio, W.D.1985) (filing counterclaim, like filing proof of claim, creates consent to jurisdiction).
 
 
 6
 The filing of the counter and cross-claims also undermines the Crabtree children's argument for a jury trial. In Langenkamp v. Culp, the Supreme Court held that creditors who had submitted claims against the bankruptcy estate had waived any right to a jury trial on a subsequent preference action brought by the trustee. 111 S.Ct. 330, 331 (1990). The Court distinguished Granfinanciera, in which it held that a creditor who had not filed a claim against the estate was entitled to a jury trial on the trustee's fraudulent conveyance charge. Id. Finally, the Crabtree children also waived any right to a jury trial by failing to file a timely motion to transfer the case to the district court. We have recently held that bankruptcy courts do not have the authority to conduct jury trials, so a party seeking a jury trial must also seek withdrawal of the reference to the bankruptcy court. In re Latimer, 918 F.2d 136, 137 (10th Cir.1990).
 
 III. Due Process
 
 7
 Besides reasserting their jurisdictional and jury trial arguments as due process violations, the children claim they were denied proper notice and opportunity to be heard. The trustee named the Crabtree children as defendants for the first time in her second amended complaint, which the children were served with on July 29, 1988. Because the preliminary injunction hearing began on July 27, the Crabtree children were not represented by counsel on the first day of the hearing. However, counsel for the children did participate in the remaining six days of the hearing. The court also permitted the children's counsel to preserve any objections to exhibits offered the first day until he had had a chance to review them. We find no error in the district court's conclusion that the Crabtree children received sufficient due process.[3]
 
 IV. Gift and Turnover Determination
 
 8
 The Crabtree children claim they own the disputed property because they received it as gifts from their parents, F. Dale and Linda Crabtree, and from The Orchard Company. The parties agree that under Oklahoma law, a valid gift requires: (1) donative intent, (2) delivery, and (3) complete relinquishment by the donor of control and dominion. Thomas v. Bank of Oklahoma, 684 P.2d 553, 554 (Okla.1984); Matter of Estate of Stinchcomb, 674 P.2d 26, 30 (Okla.1983). The Oklahoma Supreme Court has also stated that a trial court's determination about the existence of a gift will not be disturbed unless "clearly against the weight of the evidence." Stinchcomb, 674 P.2d at 30. We equate this formulation with the clearly erroneous standard of review for questions of fact.
 
 
 9
 The Bankruptcy and District Courts found ample evidence that control of the disputed property had never been transferred to the children individually. Four documents purportedly conveyed property in F. Dale and Linda Crabtree's Oklahoma City house and all of The Orchard Company's property to the children. These papers were neither witnessed nor notarized, and remained in F. Dale Crabtree's possession. After the dates of the alleged transfers, The Orchard Company and its partners (F. Dale and Linda Crabtree and the children's trusts) claimed depreciation of the disputed property on their tax returns; furthermore, no gift tax returns were filed. The Orchard Company mortgaged property to a bank after the children allegedly received all its property as gifts. F. Dale Crabtree admitted in testimony that the Oklahoma City property remained in his house for family use and was under his dominion as head of the household. Our review of the record reveals no reason to doubt the conclusions of the Bankruptcy and District Courts.
 
 
 10
 The Crabtree children also argue that even if no valid gifts existed, the turnover order was improper because the trustee must prove that the property belonged to the debtors' estate not just that the children did not receive the property as gifts. The trustee rightly points out, however, that in this case the two propositions amount to the same thing. The only candidates for ownership of the property were the children or the debtors' estate, so if the children did not own the property, it necessarily belonged to the estate.
 
 V. State Court Proceeding
 
 11
 In a state court action brought by the Campbell Group against the debtors, the state court rejected the debtors' argument that they had given the disputed property to the Crabtree children and ordered that the property be turned over to the creditors. In the present case, the Bankruptcy Court admitted portions of the transcript of the state court proceeding. The children contend this was erroneous admission of hearsay, particularly because the state case is now on appeal before the Supreme Court of Oklahoma.
 
 
 12
 Although the children identify the disputed exhibits in a footnote, we find it difficult to evaluate their argument because they have not designated complete copies of these exhibits for the record on appeal. The Bankruptcy Court expressly stated that it was determining the property ownership issue de novo. The trustee presents a persuasive explanation that F. Dale Crabtree's prior testimony is admissible under Fed.R.Evid. 801 as either admissions of a party or prior inconsistent statements. The trustee also explains that the state court orders were offered not to prove that the gifts were invalid but to show F. Dale Crabtree's knowledge and disregard of the order to relinquish property to the creditors, and thus the need for a turnover order from the Bankruptcy Court. We find no abuse of discretion in the Bankruptcy Court's admission of this evidence.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Even absent the children's consent, 28 U.S.C. Sec. 1334 grants federal jurisdiction in all cases "arising under title 11, or arising in or related to cases under title 11." The Supreme Court, in Northern Pipeline Construction Co. v. Marathon Pipeline Co., while invalidating the 1978 Bankruptcy Act's broad delegation of power to Article I courts, upheld federal jurisdiction of bankruptcy-related matters even if state law is involved. 458 U.S. 50, 72 n. 26 (1982) (state contract law claim "may be adjudicated in federal court on the basis of its relationship to the petition for reorganization."). The Crabtree children assert the bankruptcy turnover issue is distinct from the state law property ownership issue, but the former necessarily includes the latter
 Proper Article I court jurisdiction is found in 28 U.S.C. Sec. 157(b) which grants bankruptcy courts the authority to decide and enter final judgment in "core" proceedings. The fact that an issue involves state law does not preclude it from being a "core" matter. 28 U.S.C. Sec. 157(b)(3). Again, because the issue of property ownership is inextricably intertwined with the turnover action, one of the illustrative categories of "core" proceedings listed in Sec. 157(b)(2), it is a core matter properly within the bankruptcy court's jurisdiction.
 
 
 [2]
 Contrary to the children's assertion, the counterclaim was not compulsory under Fed.R.Civ.P. 13(a) because Bankruptcy Rule 7013 creates an exception: "[A] party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief."
 
 
 [3]
 In their reply brief, the Crabtree children assert for the first time that their due process rights were violated because the Bankruptcy Court issued a temporary restraining order (TRO) before the children were named in the complaint. Based on the trustee's preliminary showing that the debtors were concealing their assets, the Bankruptcy Court, on July 23, 1988, authorized the trustee to inspect and take possession of the Oklahoma City property. Although we have no obligation to rule on this issue, we note that the TRO was issued ex parte, without notice to any of the defendants, because the Bankruptcy Court found sufficient indications that irreparable injury would occur if defendants knew the trustee wanted to secure their property