In re Bradley M. **GLAZER**, Debtor.

**Alan J. Treinish, Plaintiff,**

v.

**Helena M. Glazer, et al., Defendants.**

Bankruptcy No. 98–17248.
Adversary No. 00–1391.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 19, 2000.

---

Stephen D. Hobt, Cleveland, OH, for Plaintiff.

Bradley M. Glazer, Cleveland, OH, pro se.

Nicholas Miller, Diana M. Thimmig, Arter & Hadden, Cleveland, OH, for Helena M. Glazer.

Roger W. Goranson, Toledo, OH, for Defendant Charter One Bank.

Michael J. Linden, Cleveland, OH, for Defendant Ohio Savings Bank.

Alan J. Treinish, Cleveland, OH, Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This proceeding is before the Court on a Complaint by Alan J. Treinish (The Trustee) to Avoid Fraudulent Conveyance, Determine Priority, Validity, and extent of Liens and Interests in Real Property, and for authority to Sell Real Property. The Defendant, Helena Glazer (Glazer), then requested a jury trial on the proceeding. Jurisdiction is proper under provisions of 28 U.S.C. § 1334 and General Order No. 84 of this district. Core matter jurisdiction is acquired under 28 U.S.C. § 157(b)(2)(A), (H), (K), (N) and (O). Upon consideration said jury demand and the respective parties' briefs, the jury demand is denied. The following findings of fact and conclusions of law are hereby rendered:

The Trustee alleges that the Debtor received less than a reasonable equivalent value for his transfer of real property to Glazer. Bradley M. Glazer (The Debtor), purchased certain real property in University Heights, Ohio in 1994 (4441 Silsby Road). In 1996, the Debtor and Glazer were married to each other. In 1997, the Debtor transferred his interest in said real property to Helena Glazer for a nominal consideration (i.e. $10.00). The fair market value was stated in the amount of $92,915.00 and was encumbered by first and second mortgages in favor of Ohio Savings Bank ($62,320.00) and Charter One Bank, F.S.B. ($6,286.00), respectively. On the basis of the transfer, the Trustee asserts that the property transfer was a fraudulent transfer which is avoidable under § 544(b) of the Code and under the Oh. Rev.Code § 1336.05(A). The Defendant, Helena Glazer denies that the transfer was

fraudulent, raises several affirmative defenses and counterclaims and requests a jury trial.

For interim resolution, the court must determine whether the Defendant's jury demand is proper.

*Jury Trial Demand*

■ In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court held that the defendant in a fraudulent conveyance action was entitled to a jury trial, where the preferences sued for were money payments of ascertained and definite amounts and the bill discloses no facts that call for an accounting or other equitable relief. *Id.* at 48–49, 492 U.S. 33, 109 S.Ct. 2782. In *Granfinanciera*, a Chapter 11 bankruptcy trustee sued to recover an alleged fraudulent transfer of $1.7 million from the defendant, who demanded a jury trial. 492 U.S. 33, 36–37, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The Trustee sought to avoid what it alleged were constructively and actually fraudulent transfers to Granfinanciera and another company, and to recover damages, costs, expenses and interest under 11 U.S.C. §§ 548(a)(1) and (a)(2), and 550(a)(2). *Id.* at 36, 109 S.Ct. at 2787.

The Supreme Court held that because the Seventh Amendment guarantees the right to a jury trial "in suits at common law," the right only applies to actions that are "legal in nature" which would have been decided in law courts rather than equity courts in 18th century England before the merger of those courts. *Id.* at 41–42, 492 U.S. 33, 109 S.Ct. 2782. The Court used a three-part test to determine when a litigant, who had not submitted a claim against the bankruptcy estate, was due a Seventh Amendment right to a jury trial:

First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the court of law and equity. *Id.* at 42, 492 U.S. 33. Second, we examine the

remedy sought and determine whether it is legal or equitable in nature.... The second stage of this analysis is more important than the first. *Id.* If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder. *Id.*

In applying the first part of the test, the Supreme Court found that "there is no dispute that actions to recover preferential or fraudulent transfers were often brought at law in late 18th century England." *Id.* at 43, 492 U.S. 33, 109 S.Ct. 2782. As for the second part of the test, the Court held that the nature of the relief sought (i.e. return of "money payments of ascertained and definite amounts") was legal rather than equitable. The Court noted that the trustee's suit could not go forward in equity because an adequate legal remedy was available at law. *Id.* at 48–49 & n. 7, 109 S.Ct. at 2793–2794 & n. 7. In addressing the third part prong, the Court stated that, "although the issue admits of some debate, a bankruptcy trustee's right to recover a fraudulent conveyance under 11 U.S.C. § 548(a)(2) seems to us more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions." *Id.* at 55, 492 U.S. 33, 109 S.Ct. 2782. The Court subsequently reversed the Court of Appeals for the Eleventh Circuit and held that the defendant had a Seventh Amendment right to a jury trial. *Id.* at 38, 109 S.Ct. 2782.

To apply the above analysis to the proceeding at bar, it is important to recognize the distinctions between actions to set aside fraudulent transfers of a determinate sum of money, as was the case in *Granfinanciera*, and actions to set aside a fraudulent conveyance of real property as is alleged in this case. *Resolution Trust*

Corporation v. Pasquariello (In re Pasquariello), 16 F.3d 525 (3rd Cir.1994). In Pasquariello, which was ·decided after Granfinanciera, the bankruptcy trustee and the Resolution·Trust Corporation sued to avoid an alleged fraudulent transfer of real property from the debtor to his wife. See Id. at 527. The debtor's wife demanded a jury trial. Id. The Third Circuit found Granfinanciera distinguishable because it involved a fraudulent transfer of a "determinate sum of money" rather than real property. Id. at 530. Because actions brought to remedy fraudulent transfers of real property were commonly brought in courts of equity in 18th century England, the Third Circuit held that there was no Seventh Amendment right to a jury trial. Id. at 531. I concur.

The importance of the distinction was summarized by the bankruptcy court in In re Pilavis, 228 B.R. 808 (Bankr.D.Mass. 1999). Applying the distinction found in Pasquariello, the Pilavis court noted that the distinction is supported by the fact that "every court of appeals to have considered the issue, albeit prior to Granfinanciera, held that any attempt to remedy a fraudulent conveyance of real property through a set aside or avoidance was a matter for the equity courts and that no right to a jury trial attached." In re Pilavis, 228 B.R. 808, 809 (Bankr.D.Mass. 1999) (citing Resolution Trust Corporation v. Pasquariello (In re Pasquariello), 16 F.3d 525 (3rd Cir.1994)); Accord In re Graham, 747 F.2d 1383, 1387–88 (11th Cir. 1984); Whitlock v. Hause, 694 F.2d 861, 863–66 (1st Cir.1982); Duncan v. First Nat'l Bank, 597 F.2d 51, 55–56 (5th Cir. 1979); Hyde Properties v. McCoy, 507 F.2d 301, 306 (6th Cir.1974) (dictum); Senchal v. Carroll, 394 F.2d 797, 797–99 (10th Cir.), cert. denied, 393 U.S. 979, 89 S.Ct. 448, 21 L.Ed.2d 440; Damsky v. Zavatt, 289 F.2d 46, 53–54 (2d Cir.1961); Johnson v. Gardner, 179 F.2d 114, 117 (9th Cir. 1949), cert. denied, 339 U.S. 935, 70 S.Ct. 661, 94 L.Ed. 1353 (1950).

Applying the first part of the Granfinanciera test to 'the this case, it is clear that in the late eighteenth-century, the English courts of law and equity had concurrent jurisdiction over fraudulent conveyance actions concerning real property. See Granfinanciera, 492 U.S. at 45, 109 S.Ct. 2782; In re Pilavis at 810; Pasquariello, 16 F.3d at 530. While an action to recover possession of real property was an action at law, an action to set aside a fraudulent conveyance of real property was usually heard in equity. In re Pilavis, 228 B.R. at 809; Pasquariello, 16 F.3d at 530 (citing Hobbs v. Hull, 1 Cox 445, 29 Eng.Rep. 1242 (Ch.1788) (holding suit to set aside conveyance of land by husband to wife may be adjudicated in court of equity); 1 GERRARD GLENN, FRAUDULENT CONVEYANCES AND PREFERENCES § 98 (rev.ed.1940); 3 JOHN N. POMEROY, POMEROY'S EQUITY JURISPRUDENCE § 968 (Spencer W. Symons, ed., 5th ed.1941)).

As the court in In re Pilavis held, this conclusion is not in conflict with Granfinanciera, .which the Supreme Court itself repeatedly characterized as .involving an action for a "determinate sum of money." In re Pilavis, 228 B.R. 808, 810 (citing Granfinanciera, 492 U.S. at 46–47, 109 S.Ct. 2782). For instance, the Granfinanciera Court referenced the case of Ex Parte Scudamore, 3 Ves.jun. 85, 30 Eng. Rep. 907 (Ch.1796), which involved the alleged fraudulent transfer of accounts receivable. Id. at 45, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26. The Court noted that "although this case demonstrates that fraudulent conveyance actions could be brought in equity, it does not show that suits to recover a definite sum of money would be decided by a court of equity when a petitioner did not seek distinctively equitable remedies." Id. (emphasis added). In distinguishing Hobbs v. Hull, the Court explained that that opinion's sweeping statement that "Courts .of Equity have most certainly been in the habit of exercising concurrent jurisdiction with the Courts of Law on the Statutes of Elizabeth re-

specting fraudulent conveyances," *Id.* at 445–446, 30 Eng.Rep. at 1242, is not supported by reference to any cases that sought the recovery of a fixed sum of money without the need for an accounting or other equitable relief. *In re Pilavis,* 228 B.R. 808, 810 citing *Granfinanciera,* 492 U.S. at 45–46, 109 S.Ct. 2782.

The *Granfinanciera* Court cited *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932), as solidifying the correctness of its decision, where it stated: "There, as here, 'the preferences sued for were money payments of ascertained and definite amounts' and 'the bill discloses no facts that call for an accounting or other equitable relief.'" *Granfinanciera,* 492 U.S. at 48–49, 109 S.Ct. 2782. Finally, the Court cited with approval the following passage from 1 GLENN, supra, which expressly draws this distinction:

> If the fraudulent transfer was of cash, the trustee's action would be for money had and received. Such actions at law are as available to the trustee to-day as they were in the English courts of long ago. If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that also is beyond dispute.
>
> *Granfinanciera,* 492 U.S. at 44, 109 S.Ct. 2782, (quoting GLENN § 98 at 183–84 (footnotes omitted)).

■ In conclusion, this court recognizes that an action to recover for an alleged fraudulent transfer of real property is generally a creature of equity for which there is no right to a jury trial. *In re Pasquariello,* 16 F.3d 525, 529–30 (3rd Cir.1994); *Damsky v. Zavatt,* 289 F.2d 46, 53 (2d Cir.1961).

Applying the second part of the test, the remedy of avoiding an alleged fraudulent transfer of real property is equitable in nature. See *Pasquariello,* 16 F.3d at 531. In contrast, the money remedy sought in *Granfinanciera* could "be recovered at law in an action sounding in tort or for money

had and received." *Granfinanciera,* 492 U.S. at 47–48, 109 S.Ct. 2782 (quoting *Buzard v. Houston,* 119 U.S. 347, 352, 7 S.Ct. 249, 30 L.Ed. 451 (1886)). That fact, coupled with "the long-settled rule that suits in equity will not be sustained where a complete remedy exists at law," led the Supreme Court to conclude that the remedy sought was legal in nature. *In re Pilavis,* 228 B.R. 808, 810 (citing *Granfinanciera,* 492 U.S. at 48, 109 S.Ct. 2782). Thusly, in view of the holding in *Granfinanciera,* Glazer does not have a Seventh Amendment right to a jury trial. The third part of the *Granfinanciera* test need not be reached because there is no right to a jury trial in this case.

## Counterclaim

■ The Trustee correctly argues that, because defendant has asserted counterclaims against the estate and plaintiff, she has waived her right to a jury trial. By filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. *Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) citing *Granfinanciera,* 492 U.S. at 58–59 & n. 14, 109 S.Ct. 2782 (citing *Katchen,* 382 U.S., at 336, 86 S.Ct., at 476). *See also Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1248–49 (3d Cir.1994), cert. denied, 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994); See also *In re LMS Holding Company,* 203 F.3d 835, 835, 2000 WL 177419 (10th Cir.2000) (Table, text in WESTLAW, NO. 99–5081); *In re Cambridge Biotech Corp.,* 186 F.3d 1356, 1358 (Fed.Cir.1999); *In Re Peachtree Lane Associates, Ltd.,* 150 F.3d 788 (7th Cir.1998); *In re Conejo Enters., Inc.,* 96 F.3d 346, 352 (9th Cir.1996); *In re United States Abatement Corp.,* 79 F.3d 393, 398 n. 9 (5th Cir.1996); *In re S.G. Phillips Constructors, Inc.,* 45 F.3d 702, 705 (2d Cir.1995); *In re Meyertech Corp.,* 831 F.2d 410, 417

(3d Cir.1987). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Id.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. *Id.* citing *Granfinanciera* supra, 492 U.S., at 57–58, 109 S.Ct., at 2798–2799. As such, there is no Seventh Amendment right to a jury trial.

In *Langenkamp,* supra, the Chapter 11 trustee initiated adversary proceedings against a number of creditors to recover what the trustee alleged were avoidable preference payments to those creditors. At the time the adversary proceeding was filed, some creditors had filed proofs of claim against the bankruptcy estate while other creditors had not. The bankruptcy court conducted a bench trial with respect to all of the creditors, however, and found for the trustee. The Tenth Circuit reversed, holding that all of the creditors, including those who previously had filed claims against the estate, were entitled to a jury trial on the preference action. *Id.* at 43–44, 111 S.Ct. 330. On certiorari, the Supreme Court concluded that only those creditors who had not filed claims against the bankruptcy estate were entitled to a jury trial on the preference question. Those creditors who had filed proofs of claim, the Court found, were not entitled to a jury trial because by filing a claim, those creditors had brought themselves within the equitable jurisdiction of the bankruptcy court and were denied a jury trial. *Id.* at 44–45, 111 S.Ct. 330. Glazer, unpersuasively, is attempting to avoid the Supreme Court's holding in *Langenkamp's.* Glazer contends that she only made a Counter-claim against the bankruptcy estate once a fraudulent transfer was made by the trustee in the adversary complaint, not prior to the filing of that complaint, as in *Langenkamp.* Nothing in *Langenkamp* suggests that it makes any

difference whether the filing of the adversary proceeding precedes or follows the submission of a claim against the bankruptcy estate. In either case, the submission of the claim still would "trigger the process of 'allowance and disallowance of claims,'" thereby subjecting the claimant to the bankruptcy court's equitable jurisdiction. *Langenkamp,* 498 U.S. at 44, 111 S.Ct. 330, (quoting *Granfinanciera,* 492 U.S. at 58, 109 S.Ct. 2782); see also *Travellers Int'l AG v. Robinson,* 982 F.2d 96, 100 n. 14 (3d Cir.1992) (rejecting attempt to distinguish *Langenkamp* on the same basis), cert. denied, 507 U.S. 1051, 113 S.Ct. 1946, 123 L.Ed.2d 651 (1993); *In re Hooker Investments, Inc., L.J.,* 937 F.2d 833, 838–39 (2d Cir.1991) (rejecting argument that a defendant in the debtors' adversary action should be entitled to delay filing a proof of claim until the resolution of the adversary action so as not to deprive the defendant of its right to a jury trial under *Langenkamp* ).

Since *Granfinanciera* and *Langenkamp,* courts have consistently construed counterclaims filed in an adversary proceeding as claims against the bankruptcy estate which divest a defendant in an adversary proceeding of the right to a jury trial. *In re Larry's Apartment, L.L.C.,* 210 B.R. 469 (D.Ariz.1997); *Peachtree Lane Assoc., Ltd. v. Granader,* 175 B.R. 232, 236 (N.D.Ill. 1994) (defendants in an adversary action waived their right to a jury trial by filing counterclaims and successfully seeking an extension of the bar date so that their counterclaims could be treated as proofs of claim against the estate); *In re Hudson,* 170 B.R. 868, 874 (E.D.N.C.1994) ( "convincing authority has held that a counterclaim does qualify as a 'claim' for purposes of the ......*Granfinanciera* and *Langenkamp* private rights jury trial analysis........the defendant's filing of a counterclaim caused the defendant to lose it's Seventh Amendment right to jury trial"); *In re Lang,* 166 B.R. 964, 966 (D.Utah 1994); *Americana Expressways, Inc.,* 161 B.R. at 714 ("[b]y presenting a [defense

which, in reality, presents a counterclaim against the estate], Defendant has submitted to the bankruptcy court's equity jurisdiction and is not entitled to a jury trial"). *See also, Billing v. Ravin Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1250, 1253 (3rd Cir.) (debtors' legal malpractice claims against bankruptcy counsel filed as new action in district court fell within the process of allowance and disallowance of claims such that debtors not entitled to jury trial), cert. denied, 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994); *In re Lloyd Securities, Inc.*, 156 B.R. 750, 755 (Bankr.E.D.Pa.1993); *In re Allied Cos., Inc.*, 137 B.R. 919, 924 (S.D.Ind.1991) (compulsory nature of counterclaim not dispositive of issue); *Bayless v. Crabtree*, 108 B.R. 299 (W.D.Okla.1989), aff'd, 930 F.2d 32, 1991 WL 50166 (10th Cir.1991); *In re Glen Eagle Square, Inc.*, 132 B.R. 106 (Bankr.E.D.Pa.1991).

■ The term "claim" under the bankruptcy laws includes virtually all legal or equitable rights to payment and is broadly construed, including counterclaims. *In re Bayless*, 108 B.R. 299 (Bankr.W.D.Okl.1989), aff'd, 930 F.2d 32, 1991 WL 50166 (10th Cir.1991). *See In re Thomas*, 12 B.R. 432, 433 (Bankr. S.D.Iowa) (noting that the term claim "could not be broader"); 2 L. King, Collier on Bankruptcy P 101.04 (15th ed.1989); § 101(4). Moreover, written proofs of claim need not adhere to the official forms to be acceptable. See 8A C.J.S. Bankruptcy § 276 (1988). *Id.* Thus . . . . . . . . . . by filing their counterclaim, Glazer submitted to the equitable jurisdiction of the this court.

## *Conclusion*

Accordingly, Defendant Glazer's jury demand is hereby denied. The trial will proceed as scheduled.

IT IS SO ORDERED.