In re **MOBILE INTERNATIONAL COMPANY, INC.,** Debtor.

**Kenneth G.M. Mather, Trustee, Plaintiff,**

v.

**CELLXION, L.L.C., et al., Defendants.**

**Bankruptcy No. 99–71124. Adversary No. 00–7067.**

United States Bankruptcy Court, E.D. Oklahoma.

Jan. 24, 2001.

Gary McDonald, Tulsa, OK, for plaintiff.

Kevin P. Doyle, Tulsa, OK, for CellXion, L.L.C. and CellXion Mobile International, L.L.C.

### *ORDER*

TOM R. CORNISH, Bankruptcy Judge.

On the 10th day of January, 2001, the Defendants', CellXion, L.L.C. and CellXion Mobile International, Inc. ("Defendants") Demand for Jury Trial and Brief in Support of Demand for Jury Trial; Trustee's Objection to Defendants' Demand for Jury Trial and Memorandum of Law in Support

Thereof, Defendants' Reply Brief, and the Application for the Court to Schedule a Reasonable Time for Filing Motion to Withdraw the Reference or Transfer filed by the Defendants came on for hearing. Counsel appearing were Kevin Doyle for the Defendants and Gary McDonald and Kelly Balman for the Plaintiff. After hearing arguments of counsel, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding.

The Plaintiff/Trustee brought this adversary proceeding seeking to recover a fraudulent transfer from the Defendants. The Defendants filed their Answer and asserted Counterclaims. The Defendants allege in their Counterclaims that CellXion has interests in some trailers which is also asserted as a defense in their Answer. Additionally, the Defendants seek a return of value or a lien to the extent of the value paid if it is determined that the transfer of assets from Mobile International to CellXion was for less than reasonable equivalent value. CellXion seeks a lien in return of value to the extent of the value paid and amounts invested.

The Defendants seek a jury trial pursuant to *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782 (1989), wherein the Supreme Court addressed the Seventh Amendment right to a jury trial in a bankruptcy setting. The Supreme Court specifically decided that parties who have not submitted a claim, when faced with a fraudulent transfer action by the trustee, are entitled to a jury trial. The Supreme Court in *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) reiterated that the filing of a claim against a bankruptcy estate triggers the allowance and disallowance of claims which subjects the creditor to the Bankruptcy Court's equitable power, waiving the right to a jury trial. When a claimant asserts a counterclaim in an adversary proceeding, the claimant invokes the equitable jurisdiction of the Bankruptcy Court. *Garcia v.*

*Commercial Fin. Servs. (In re Commercial Fin. Servs.)*, 252 B.R. 516 (Bankr. N.D.Okla.2000); see also *Bayless v. Crabtree Through Adams*, 108 B.R. 299 (W.D.Okla.1989), aff'd, 930 F.2d 32 (10th Cir.1991); *Treinish v. Glazer (In re Glazer)*, 248 B.R. 528 (Bankr.N.D.Ohio 2000); *Carmel v. Galam (In re Larry's Apartment L.L.C.)*, 210 B.R. 469 (D.Ariz.1997); *Schwinn Plan Committee v. AFS Cycle & Co. Ltd. (In re Schwinn Bicycle Co.)*, 184 B.R. 945 (Bankr.N.D.Ill.1995). Some courts which have equated counterclaims to proofs of claim have relied on the term "claim" in the Bankruptcy Code which includes "virtually all legal rights to payment and is broadly construed." *Garcia*, 252 B.R. at 525; see also *Bayless*, 108 B.R. at 305; *Glazer*, 248 B.R. at 534.

In *Jobin v. Arnot (In re M & L Business Machine Co., Inc.)*, 178 B.R. 270 (Bankr.D.Colo.1995), the Court determined that set-off and recoupment raised as an affirmative defense were not counterclaims and did not deprive the defendants of their Seventh Amendment right to a jury trial even though set-off and recoupment could be raised either as an affirmative defense or a counterclaim. However, in the instant case, the Defendants have set forth a counterclaim as well as asserting an affirmative defense.

In this case, the Defendants' counterclaim asserts that their interest in the trailers is superior to that of the other Defendants and the Trustee. Further, the Defendants filed a second counterclaim for the return of value to the estate of value paid in the amounts invested. Clearly, Defendants' counterclaim regarding the trailers invokes equitable jurisdiction by seeking the extent and priority of their security interest in the trailers, an exclusive function of the Bankruptcy Court. See, 28 U.S.C. § 157(b)(2)(K); *Garcia*, 252 B.R. at 525. In order for waiver of a jury trial to occur, "the dispute must be part of the claims-allowance processor effect the hierarchial reordering of creditors' claims." *Germain v. Connecticut Nat'l Bank*, 988

F.2d 1323, 1330 (2nd Cir.1993). In this situation, the counterclaims, both for the return of value and for the determination of interest in the trailers, involve the determination of the priority of the creditors' claims and also invokes the claims allowance process. As a result, the Court finds that the Defendants have waived their right to a jury trial.

The Defendants, if the Court denied their request for a jury trial, sought additional time in which to file a Motion to Withdraw the Reference. Since the Court finds that the Defendants have waived their right to a jury trial, the Court will allow the Defendants fifteen (15) days from this date in which to file a Motion to Withdraw the Reference.

IT IS THEREFORE ORDERED that the Defendants' Demand for Jury Trial is **denied.**

IT IS FURTHER ORDERED that the Defendants are allowed **fifteen (15) days from the date of the entry of this Order in which to file a Motion to Withdraw the Reference.**