**ROBERDS, INC., Plaintiff,**

v.

**PALLISER FURNITURE, Defendant.**

No. MC–3–02–12.
Bankruptcy No. 00–30194.
Adversary No. 01–3362.

United States District Court,
S.D. Ohio,
Western Division.

Jan. 3, 2003.

Nick Vincent Cavalieri, Columbus, OH, Robert Bruce Berner, Dayton, OH, Matthew Thomas Schaeffer, Paula S. Gluntz, Arter & Hadden, Columbus, OH, for Plaintiff.

Thomas Irven Blackburn, Kerry Raleigh, Buckley King & Bluso, Columbus, OH, for Defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING, NO. 01–3362, TO THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION AT DAYTON, IN CASE NO. 00–30194 (DOC. # 1–24); CLERK OF COURTS FOR THE BANKRUPTCY COURT IS ORDERED TO CERTIFY THE AMENDED ANSWER AND COUNTERCLAIM AND SETOFF (ADV. P. DOC. # 45) TO THIS COURT, WITHIN TEN (10) DAYS FROM DATE

RICE, Chief Judge.

This matter is before the Court on Defendant's Motion to Withdraw the Reference of Adversary Proceeding, No. 01–3362, to the United States Bankruptcy Court for the Southern District of Ohio, Western Division at Dayton, in Case No. 00–30194 (Doc. # 1). Plaintiff and Debtor–in–Possession, Roberds, Inc., commenced that instant adversary proceeding, alleging that it made payments to Defendant Palliser Furniture within ninety (90) days of its (Roberds') bankruptcy filing.[1] Roberds alleges that these payments constitute preferential payments under the Bankruptcy Code and Ohio Rev.Code § 1313.56, and, consequently, they are voidable under those statutes (Counts One

---

[1] The following facts are derived from Plaintiff's Complaint, filed in the Bankruptcy Court on December 17, 2001 (Doc. # 1–1).

and Two). In addition, Roberds has sought to recover the preferential transfers, pursuant to 11 U.S.C. § 550 (Count Three), and has objected to Palliser Furniture's claims on the estate, due to Defendant's failure to return the preferential transfers (Count Four).

On June 27, 2002, Palliser Furniture filed a Motion to Withdraw the Reference of the Adversary Proceeding (Doc. # 1–24). In its Motion, Defendant asserted that it is entitled to a jury trial on the issues raised in the adversary proceeding, and that it does not consent to trial before the Bankruptcy Court. For the reasons assigned, Defendant's Motion is OVERRULED.

28 U.S.C. § 157 provides that bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under title 11 or in a case under that title. 28 U.S.C. § 157(b)(1). The statute does not define what actions constitute a core proceeding; however, it provides a non-exclusive list, including: matters concerning the administration of the estate, *id.* § 157(b)(2)(A); orders to turn over property of the estate, *id.* § 157(b)(2)(E); proceedings to determine, avoid, or recover fraudulent conveyances, *id.* § 157(b)(2)(H); and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims, *id.* § 157(b)(2)(O). A bankruptcy judge may hear a non-core proceeding that is related to a title 11 case. *Id.* § 157(c)(1). In such a proceeding, the bankruptcy judge's proposed findings of fact and conclusions of law are to be transmitted to the district court. Any final judgment or order will be entered by the district court, after reviewing *de novo* those matters to which a party has timely and specifically objected. *Id.* The district court may withdraw, in whole or part, any case or proceeding referred to the bankruptcy court, either on its own motion or on timely motion of any party, for cause shown. *Id.* § 157(d).

If the right to a jury trial applies in a proceeding that may be heard by the bankruptcy judge, the trial may be held in the bankruptcy court, provided that the district court has specially designated that the bankruptcy court could exercise such jurisdiction and that all of the parties have expressly consented. *Id.* § 157(e). Absent such designation by the district court or the consent of the parties, bankruptcy courts within the Sixth Circuit do not have the authority to conduct jury trials. *Rafoth v. National Union Fire Ins. Co.,* 954 F.2d 1169, 1172–73 (6th Cir.1992)(noting split among the courts of appeals as to whether bankruptcy courts may conduct jury trials).

In the present proceeding, Palliser Furniture has expressly stated that it will *not* consent to trial in the Bankruptcy Court.[2] Therefore, assuming *arguendo* that Defendant has a right to a jury trial, that trial must be held in this Court. *See id.; In re JRT, Inc.,* 1991 WL 202361 (W.D.Mich.1991)(withdraw of reference

---

2. In the text of its Reply Memorandum, Defendant states that it does not consent to a jury trial before the Bankruptcy Court. (Doc. # 8 at 2). In footnote 1, however, Palliser Furniture indicates that, upon filing its Amended Answer and Setoff and Counterclaim with the Bankruptcy Court, it requested a jury trial before that court (*Id.* at n. 1). It further states that this request is without prejudice to its previous request for a jury trial before this Court (*id.*). In other words, Defendant has consented to a jury trial before the Bankruptcy Court, in the event that this Court overrules its Motion to Withdraw Reference. For purposes of this Motion, the Court will assume, *arguendo,* that Defendant has not consented, in any way, to a jury trial in the Bankruptcy Court.

warranted where jury trial required in non-core proceeding). Accordingly, the Court must first decide, as a threshold question, whether Plaintiff has brought claims for which Defendant may demand a jury trial.

The Seventh Amendment provides for jury trials in suits at common law, *i.e.*, "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)). In *Granfinanciera*, the Supreme Court noted that actions to recover preferential or fraudulent transfers of monies were conducted before juries. 492 U.S. at 43–47, 109 S.Ct. 2782. However, in determining whether a right to a jury exists when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer, the Court distinguished between persons who have submitted a claim against a bankruptcy estate and those who have not. As summarized by the Supreme Court in *Langenkamp v. C.A. Culp*, 498 U.S. 42, 44–45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990):

> [B]y filing a claim against a bankruptcy estate[,] the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action

by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. Accordingly, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate."

*Id.* (quoting *Granfinanciera*, 492 U.S. at 57–59, 109 S.Ct. 2782)(emphasis in original). Thus, in *Granfinanciera*, the Supreme Court held that the preference defendants, who had not filed claims against the bankruptcy estate, were not divested of their Seventh Amendment right to a jury trial.[3] In contrast, the defendants in *Langenkamp*, who had submitted claims against the estate, had no right to a jury trial upon being sued by the bankruptcy trustee to recover allegedly preferential transfers.

■ In the present case, there is no evidence that Palliser Furniture originally filed a claim against the bankruptcy estate, thus triggering the Bankruptcy Court's equitable power and eliminating its right to a jury trial. However, on October 11, 2002, in response to Roberds' filing the adversary proceeding, Defendant filed an Amended Answer and Counterclaim and Setoff with the Bankruptcy Court (Adv. Proc.Doc.# 45).[4] In its counterclaim, De-

---

**3.** The Supreme Court further held that Congress' designation of fraudulent conveyance actions as "core proceedings" does not impact whether a preference claim defendant

has a right to a jury trial. *Granfinanciera*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26.

**4.** Although Defendant references this document in its Reply Memorandum (Doc. # 8),

fendant seeks $10,162.43 in administrative expenses for postpetition sales, including an offset for amounts owed to Plaintiff. Accordingly, the Court must next determine whether this filing has resulted in the divestiture of Defendant's right to a jury trial. In its Reply Memorandum (Doc. # 8), Palliser Furniture argues that neither the counterclaim nor the setoff waived its right to a jury.

Although the *Langenkamp* Court clearly indicated that the *prior* filing of a claim against the debtor's bankruptcy estate brings a preference action within the equitable jurisdiction of the bankruptcy court, it did not specifically resolve whether the filing of a counterclaim in a preference action has the same effect. The majority of courts to address the issue, including those within the Sixth Circuit, have concluded that a preference defendant, upon the filing of a counterclaim, is divested of its right to a jury trial.

In *Treinish v. Glazer*, 248 B.R. 528, 533 (Bankr.N.D.Ohio 2000), the bankruptcy trustee brought an adversary proceeding against the debtor's wife, asserting that the transfer of real property to her was a fraudulent conveyance. Although the bankruptcy court concluded that the wife had no right to a jury trial, it proceeded to address the trustee's argument that she had waived her right to a jury trial by raising counterclaims in the adversary proceeding. The court agreed with the trustee, reasoning that the submission of the claim still would "trigger the process of 'allowance and disallowance of claims,'"

thereby subjecting the claimant to the bankruptcy court's equitable jurisdiction. *Id.* at 533, citing *Langenkamp*, 498 U.S. at 44, 111 S.Ct. 330. The court rejected the wife's argument that she only made a counterclaim against the bankruptcy estate once a fraudulent transfer adversary proceeding was initiated by the trustee, not prior to the commencement of that proceeding, stating "Nothing in *Langenkamp* suggests that it makes any difference whether the filing of the adversary proceeding precedes or follows the submission of a claim against the bankruptcy estate." *Id.* Courts throughout the federal circuits have held similarly. *E.g., In the Matter of Peachtree Lane Assoc., Ltd.*, 150 F.3d 788, 799 (7th Cir.1998) (regardless of whether the claim is submitted prior to or after the filing of the adversary proceeding, the submission of the claim still would "trigger [ ] the process of 'allowance and disallowance of claims,'" thereby subjecting the claimant to the bankruptcy court's equitable jurisdiction); *Bayless v. Crabtree*, 1991 WL 50166 (10th Cir.1991); *Carmel v. Galam*, 210 B.R. 469, 473 (D.Ariz.1997) ("Since *Granfinanciera* and *Langenkamp* were decided, courts have construed counterclaims filed in an adversary proceeding as claims against the bankruptcy estate which divest a defendant in an adversary proceeding of the right to a jury trial."); *In re Hudson*, 170 B.R. 868, 874 (E.D.N.C. 1994) ("convincing authority has held that a counterclaim does qualify as a 'claim' for purposes of the ... *Granfinanciera* and *Langenkamp* private rights jury trial anal-

the Amended Answer and Counterclaim and Setoff was not filed with this Court. In order to address Defendant's Motion to Withdraw Reference thoroughly, this Court has reviewed that document in the Bankruptcy Court. Although it is well-settled that federal courts may take judicial notice of proceedings in other courts, *e.g., Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir.1999), and, therefore,

this Court may take judicial notice of the Amended Answer filed with the Bankruptcy Court, in the interest of completeness, the Court ORDERS the Clerk of the Bankruptcy Court to certify the Amended Answer and Counterclaim and Setoff (Adv. P. Doc. # 45), within ten (10) days from date, so that it may be a part of the record before this Court.

ysis ... the defendant's filing of a counterclaim caused the defendant to lose [its] Seventh Amendment right to jury trial"); *In re Lang*, 166 B.R. 964, 966 (D.Utah 1994).

Whether the counterclaim is permissive or compulsory does not affect a defendant's waiver of its right to a jury trial. As stated by the court in *O'Neill v. New England Road, Inc.*, 2000 WL 435507 (D.Conn. Feb.28, 2000):

> [T]he defendant did not lose its right to a jury trial by filing a counterclaim and thereby waiving the right. Instead, the defendant lost its right to a jury trial by filing a counterclaim and thereby seeking a piece of the disputed res, the debtors' estate, which was subject to the bankruptcy court's equitable power to allow and disallow claims. Regardless of whether the counterclaim was permissive or compulsory, it represented the defendant's attempt to obtain a portion of the debtors' estate.

*Id.; see also Leshin v. Welt*, 276 B.R. 688, 693 (S.D.Fla.2002) (the compulsory counterclaim is akin to the filing of a claim, and does act as a waiver as to the right to a jury trial); *In re Schwinn Bicycle Co.*, 184 B.R. 945 (Bankr.N.D.Ill.1995) (by filing her counterclaim, defendant submitted to the bankruptcy court's equitable jurisdiction and lost her entitlement to a jury trial in the preference action).

In addition, whether Defendant has sought administrative expenses, rather than asserting a prepetition claim, does not affect whether Defendant has invoked the equitable jurisdiction of the bankruptcy court. In *O'Neill, supra*, the Court declined to distinguish between proofs of claims and administrative expenses, reasoning that because payment of administrative expenses by the estate is entitled to priority over all unsecured creditors and are normally sought by application or motion in the bankruptcy, "an administrative expense claim qualifies as an equitable claim to a pro rata share of the bankruptcy res, the assertion of which extinguishes otherwise available Seventh Amendment rights to a jury trial." *Id.; see In re Winimo Realty Corp.*, 270 B.R. 108, 122 (S.D.N.Y.2001)(same). The *O'Neill* court further reasoned that "[p]arties who contract with a bankrupt company's trustee or with a debtor-in-possession know that they are dealing with an agent responsible to a bankruptcy court; that the bankruptcy court would resolve subsequent disputes should therefore come as no surprise." *Id.* *6 (quoting *In re Arnold*, 815 F.2d 165, 170 (1st Cir.1987)); *Segal v. California Energy Dev. Corp.*, 167 B.R. 667, 672 (D.Utah 1994) (same).

Furthermore, courts have held that a defendant's statement that it intended to preserve its right to a jury trial, while concurrently filing its counterclaim, is ineffectual. *In re Peachtree Lane Assoc., Ltd.*, 150 F.3d at 799; *see Travellers Int'l AG v. Robinson*, 982 F.2d 96, 99–100 (3d Cir.1992), *cert. denied*, 507 U.S. 1051, 113 S.Ct. 1946, 123 L.Ed.2d 651 (1993) (creditor who has filed a contingent claim couched in "protective language" still "has submitted to the bankruptcy court's equitable jurisdiction and waived any Seventh Amendment right to a jury trial."). In light of the Supreme Court precedent, this Court agrees that Defendant was required to chose whether it wished to pursue its counterclaim against Roberds or to invoke its right to a jury trial. Defendant cannot circumvent that requirement by merely stating, along with its counterclaim, that it wished to preserve its right to a jury trial. Although Defendant continues to desire a trial by jury, its decision to file its counterclaim invoked the equitable jurisdiction of the Bankruptcy Court. Accordingly, it is

no longer entitled to a jury trial under the Seventh Amendment.

In support of its argument that the filing of its counterclaim and setoff does *not* foreclose its right to a jury, Defendant cites to *In re J.T. Moran Financial Corp.*, 124 B.R. 931 (S.D.N.Y.1991), and to *In re Larsen*, 172 B.R. 988 (D.Utah 1993). In *In re J.T. Moran Financial Corp.*, the defendants in a non-core adversary proceeding filed counterclaims for damages and for cancellation of prepetition and postpetition surplus notes, due to the debtor's default in paying the amounts due on those notes. The bankruptcy court noted that the defendants would have waived their right to a jury trial had they filed proofs of claims or filed an action for fraud. 124 B.R. at 940. The court concluded that, by waiting to be sued and then filing a counterclaim, the defendants "exercised their only significant option" to retain their right to a trial by jury. *Id.* In *In re Larsen*, the district court recognized that the filing of a proof of claim triggers the process of allowance and disallowance of claims. However, it concluded that when an adversary proceeding is filed and the defendant asserts a jury demand along with a counterclaim or cross-claim, the claims-allowance process is not triggered and the counterclaim becomes a part of the jury trial process. *Id.* at 993.

In light of the substantial authority concluding that a counterclaim divests an adversary proceeding defendant of its Seventh Amendment right to a jury trial, the Court finds Defendant's authority unpersuasive. As recognized by a number of courts, the Supreme Court did not distinguish between claims against the estate that were made prior to the filing of the adversary proceeding and those that were made subsequent to that filing. Moreover, when a defendant makes a claim against the estate, it triggers the claims allowance process, regardless of the timing of that claim. Thus, the Court concludes that by filing its counterclaim, Defendant invoked the equitable jurisdiction of the Bankruptcy Court. Consequently, Palliser Furniture is no longer entitled to a jury trial.

 Because Defendant has invoked the equitable jurisdiction of the Bankruptcy Court, by virtue of the filing of its counterclaim, and is, therefore, no longer entitled to a jury trial, and, further, since the parties agree that the adversary proceeding is a "core proceeding," [5] the Court sees no reason why the reference to the Bankruptcy Court should be withdrawn.

For the foregoing reasons, the Motion of Defendant Palliser Furniture to Withdraw Reference (Doc. # 1–24) is OVERRULED.

The Clerk of the Bankruptcy Court is hereby ORDERED to certify the Amended Answer and Counterclaim and Setoff (Adv. P. Doc. # 45) to this Court, within ten (10) days from date, so that it may be a part of the record before the Court.

---

5. The parties do not dispute that the adversary proceeding constitutes a "core proceeding." The Court notes, however, that determination of whether this litigation is a core proceeding, rather than a related proceeding, does not affect this Court's jurisdiction or its ability to withdraw reference to the bankruptcy court. *See In re Heinsohn*, 231 B.R. 48, 54 (Bankr.E.D.Tenn.1999)("[W]hile the core/non-core statement is relevant in ascertaining the extent of the bankruptcy court's authority, it has no bearing on whether the district court has jurisdiction.") (citations omitted).